IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH SCHWARTZ, | ) | |
| | ) | |
| ROSIE SCHWARTZ, | ) | |
| | ) | |
| DOYLESTOWN CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| LANCASTER CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| LANSDALE CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| PHOENIXVILLE CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| READING CARE AND | ) | Case No. 20-cv-2044 |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| ROSEMONT CARE AND | ) | DEMAND FOR JURY TRIAL |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| STENTON CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| BROKEN BOW CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| COLUMBUS CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| COZAD CARE AND REHABILITATION | ) | |
| CENTER, LLC, | ) | |
| | ) | |
| FRANKLIN CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| FULLERTON CARE AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| GRAND ISLAND LAKEVIEW CARE | ) | |
| AND REHABILITATION CENTER, LLC, | ) | |

GRAND ISLAND PARK PLACE CARE )
AND REHABILITATION CENTER, LLC, )
)
HARTINGTON CARE AND )
REHABILITATION CENTER, LLC, )
)
NEBRASKA CITY CARE AND )
REHABILITATION CENTER, LLC, )
)
NELIGH CARE AND REHABILITATION )
CENTER, LLC, )
)
NORFOLK CARE AND )
REHABILITATION CENTER, LLC, )
)
OMAHA METRO CARE AND )
REHABILITATION CENTER, LLC, )
)
SORENSEN CARE AND )
REHABILITATION CENTER, LLC, )
)
O'NEILL CARE AND REHABILITATION )
CENTER, LLC, )
)
PLATTSMOUTH CARE AND )
REHABILITATION CENTER, LLC, )
)
SCHUYLER CARE AND )
REHABILITATION CENTER, LLC, )
)
SCOTTSBLUFF CARE AND )
REHABILITATION CENTER, LLC, )
)
SIDNEY CARE AND REHABILITATION )
CENTER, LLC, )
)
TEKAMAH CARE AND )
REHABILITATION CENTER, LLC, )
)
WAUSA CARE AND REHABILITATION )
CENTER, LLC, )
)
CHASE COUNTY CARE AND )
REHABILITATION CENTER, LLC, )

DOWNS CARE AND REHABILITATION          )
CENTER, LLC,                           )
                                       )
EDWARDSVILLE CARE AND                  )
REHABILITATION CENTER, LLC,            )
                                       )
EL DORADO CARE AND                     )
REHABILITATION CENTER, LLC,            )
                                       )
ESKRIDGE CARE AND                      )
REHABILITATION CENTER, LLC,            )
                                       )
KAW RIVER CARE AND                     )
REHABILITATION CENTER, LLC,            )
                                       )
LANSING CARE AND                       )
REHABILITATION CENTER, LLC,            )
                                       )
NEODESHA CARE AND                      )
REHABILITATION CENTER, LLC,            )
                                       )
PARKWAY CARE AND                       )
REHABILITATION CENTER, LLC,            )
                                       )
PITTSBURG CARE AND                     )
REHABILITATION CENTER, LLC,            )
                                       )
SPRING HILL CARE AND                   )
REHABILITATION CENTER, LLC,            )
                                       )
WAKEFIELD CARE AND                     )
REHABILITATION CENTER, LLC,            )
                                       )
WELLINGTON CARE AND                    )
REHABILITATION CENTER, LLC,            )
                                       )
WICHITA CARE AND                       )
REHABILITATION CENTER, LLC,            )
                                       )
WILSON CARE AND REHABILITATION         )
CENTER, LLC,                           )
                                       )
ARLINGTON CARE AND                     )
REHABILITATION CENTER, LLC,            )

ARMOUR CARE AND
REHABILITATION CENTER, LLC,

BELLA VISTA CARE AND
REHABILITATION CENTER, LLC,

BLACK HILLS CARE AND
REHABILITATION CENTER, LLC,

CLARK CARE AND REHABILITATION
CENTER, LLC,

COVINGTON CARE AND
REHABILITATION CENTER, LLC,

GROTON CARE AND REHABILITATION
CENTER, LLC,

IPSWICH CARE AND REHABILITATION
CENTER, LLC,

LAKE NORDEN CARE AND
REHABILITATION CENTER, LLC,

MADISON CARE AND
REHABILITATION CENTER, LLC,

MEADOWBROOK CARE AND
REHABILITATION CENTER, LLC,

MILBANK CARE AND
REHABILITATION CENTER, LLC,

MOBRIDGE CARE AND
REHABILITATION CENTER, LLC,

PARK PLACE CARE AND
REHABILITATION CENTER, LLC,

PIERRE CARE AND REHABILITATION
CENTER, LLC,

PRAIRIE HILLS CARE AND
REHABILITATION CENTER, LLC,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

REDFIELD CARE AND                          )
REHABILITATION CENTER, LLC,                )
                                           )
SALEM CARE AND REHABILITATION              )
CENTER, LLC and                            )
                                           )
WATERTOWN CARE AND                         )
REHABILITATION CENTER, LLC                 )
                                           )
            *Plaintiffs*,                   )
                                           )
        vs.                                )
                                           )
NICHOLAS FINN,                             )
                                           )
RONALD E. SILVA,                           )
                                           )
GGNSC ADMINISTRATIVE SERVICES,             )
LLC,                                       )
                                           )
GPH DOYLESTOWN, LP,                        )
                                           )
GPH LANCASTER, LP,                         )
                                           )
GPH LANSDALE, LP,                          )
                                           )
GPH PHILADELPHIA, LP,                      )
                                           )
GPH PHOENIXVILLE II, LP,                   )
                                           )
GPH MOUNT PENN, LP,                        )
                                           )
GPH ROSEMONT, LP,                          )
                                           )
GPH BROKEN BOW, LLC,                       )
                                           )
GPH COLUMBUS, LLC,                         )
                                           )
GPH COZAD, LLC,                            )
                                           )
GPH FRANKLIN III, LLC,                     )
                                           )
GPH FULLERTON, LLC,                        )
                                           )
                                           )

GPH GRAND ISLAND LAKEVIEW, LLC,                 )
                                                )
GPH GRAND ISLAND PARK PLACE,                    )
LLC,                                            )
                                                )
GPH HARTINGTON, LLC,                            )
                                                )
GPH NEBRASKA CITY, LLC,                         )
                                                )
GPH NELIGH, LLC,                                )
                                                )
GPH NORFOLK VALLEY VIEW, LLC,                   )
                                                )
GPH OMAHA HALLMARK, LLC,                        )
                                                )
GPH OMAHA OAK GROVE, LLC,                       )
                                                )
GPH O'NEILL, LLC,                               )
                                                )
GPH PLATTSMOUTH, LLC,                           )
                                                )
GPH SCHUYLER, LLC,                              )
                                                )
GPH SCOTTSBLUFF, LLC,                           )
                                                )
GPH SIDNEY, LLC,                                )
                                                )
GPH TEKAMAH, LLC,                               )
                                                )
GPH WAUSA, LLC,                                 )
                                                )
GPH COTTONWOOD, LLC,                            )
                                                )
GPH DOWNS, LLC,                                 )
                                                )
GPH EDWARDSVILLE II, LLC,                       )
                                                )
GPH EDWARDSVILLE III, LLC                       )
                                                )
GPH EDWARDSVILLE PARKWAY, LLC,                  )
                                                )
GPH EL DORADO II, LLC,                          )
                                                )
GPH ESKRIDGE, LLC,                              )

GPH LANSING, LLC,                              )
                                               )
GPH LINCOLN, LLC,                              )
                                               )
GPH NEODESHA, LLC,                             )
                                               )
GPH PITTSBURG, LLC,                            )
                                               )
GPH SPRING HILL, LLC,                          )
                                               )
GPH WAKEFIELD, LLC,                            )
                                               )
GPH WELLINGTON, LLC,                           )
                                               )
GPH WILSON, LLC,                               )
                                               )
GPH ARLINGTON, LLC,                            )
                                               )
GPH ARMOUR, LLC,                               )
                                               )
GPH CLARK, LLC,                                )
                                               )
GPH GROTON, LLC,                               )
                                               )
GPH IPSWICH, LLC,                              )
                                               )
GPH LAKE NORDEN, LLC,                          )
                                               )
GPH MADISON SOUTH DAKOTA, LLC,                 )
                                               )
GPH MILBANK II, LLC,                           )
                                               )
GPH MOBRIDGE, LLC,                             )
                                               )
GPH PIERRE, LLC,                               )
                                               )
GPH RAPID CITY BLACK HILLS, LLC,               )
                                               )
GPH RAPID CITY BELLA VISTA, LLC,               )
                                               )
GPH RAPID CITY MEADOWBROOK                     )
MANOR, LLC,                                     )
                                               )
GPH RAPID CITY II, LLC,                        )

GPH REDFIELD, LLC,                              )
                                                )
GPH SALEM, LLC,                                 )
                                                )
GPH SIOUX FALLS, LLC,                           )
                                                )
GPH WATERTOWN ACQUISITION, LLC,                 )
                                                )
GGNSC DOYLESTOWN, LP,                           )
                                                )
GGNSC LANCASTER, LP,                            )
                                                )
GGNSC LANSDALE, LP,                             )
                                                )
GGNSC PHILADELPHIA, LP,                         )
                                                )
GGNSC PHOENIXVILLE II, LP,                      )
                                                )
GGNSC MOUNT PENN, LP,                           )
                                                )
GGNSC ROSEMONT, LP,                             )
                                                )
GGNSC BROKEN BOW, LLC,                          )
                                                )
GGNSC COLUMBUS, LLC,                            )
                                                )
GGNSC COZAD, LLC,                               )
                                                )
GGNSC FRANKLIN III, LLC,                        )
                                                )
GGNSC FULLERTON, LLC,                           )
                                                )
GGNSC GRAND ISLAND LAKEVIEW,                    )
LLC,                                            )
                                                )
GGNSC GRAND ISLAND PARK PLACE,                  )
LLC,                                            )
                                                )
GGNSC HARTINGTON, LLC,                          )
                                                )
GGNSC NEBRASKA CITY, LLC,                       )
                                                )
GGNSC NELIGH, LLC,                              )
                                                )

GGNSC NORFOLK VALLEY VIEW, LLC,    )
    )
GGNSC OMAHA HALLMARK, LLC,    )
    )
GGNSC OMAHA OAK GROVE, LLC,    )
    )
GGNSC O'NEILL, LLC,    )
    )
GGNSC PLATTSMOUTH, LLC,    )
    )
GGNSC SCHUYLER, LLC,    )
    )
GGNSC SCOTTSBLUFF, LLC,    )
    )
GGNSC SIDNEY, LLC,    )
    )
GGNSC TEKAMAH, LLC,    )
    )
GGNSC WAUSA, LLC,    )
    )
GGNSC COTTONWOOD, LLC,    )
    )
GGNSC DOWNS, LLC,    )
    )
GGNSC EDWARDSVILLE II, LLC,    )
    )
GGNSC EDWARDSVILLE III, LLC    )
    )
GGNSC EDWARDSVILLE PARKWAY,    )
LLC,    )
    )
GGNSC EL DORADO II, LLC,    )
    )
GGNSC ESKRIDGE, LLC,    )
    )
GGNSC LANSING, LLC,    )
    )
GGNSC LINCOLN, LLC,    )
    )
GGNSC NEODESHA, LLC,    )
    )
GGNSC PITTSBURG, LLC,    )
    )
GGNSC SPRING HILL, LLC,    )

GGNSC WAKEFIELD, LLC,                              )
                                                  )
GGNSC WELLINGTON, LLC,                            )
                                                  )
GGNSC WILSON, LLC,                                )
                                                  )
GGNSC ARLINGTON, LLC,                             )
                                                  )
GGNSC ARMOUR, LLC,                                )
                                                  )
GGNSC CLARK, LLC,                                 )
                                                  )
GGNSC GROTON, LLC,                                )
                                                  )
GGNSC IPSWICH, LLC,                               )
                                                  )
GGNSC LAKE NORDEN, LLC,                           )
                                                  )
GGNSC MADISON SOUTH DAKOTA,                       )
LLC,                                              )
                                                  )
GGNSC MILBANK II,LLC,                             )
                                                  )
GGNSC MOBRIDGE, LLC,                              )
                                                  )
GGNSC PIERRE, LLC,                                )
                                                  )
GGNSC RAPID CITY BLACK HILLS,                     )
LLC,                                              )
                                                  )
GGNSC RAPID CITY BELLA VISTA,                     )
LLC,                                              )
                                                  )
GGNSC RAPID CITY MEADOWBROOK                      )
MANOR, LLC,                                       )
                                                  )
GGNSC RAPID CITY II, LLC,                         )
                                                  )
GGNSC REDFIELD, LLC,                              )
                                                  )
GGNSC SALEM, LLC,                                 )
                                                  )
GGNSC SIOUX FALLS, LLC,                           )
                                                  )

GGNSC WATERTOWN OPERATING, )
LLC, and, )
 )
JOHN & JANE DOES 1 – 10, )
 )
  *Defendants*. )

## COMPLAINT

Plaintiffs Joseph Schwartz; Rosie Schwartz; Doylestown Care and Rehabilitation Center, LLC; Lancaster Care and Rehabilitation Center,, LLC; Lansdale Care and Rehabilitation Center, LLC; Phoenixville Care and Rehabilitation Center, LLC; Reading Care and Rehabilitation Center, LLC; Rosemont Care and Rehabilitation Center, LLC; Stenton Care and Rehabilitation Center, LLC; Broken Bow Care and Rehabilitation Center, LLC; Columbus Care and Rehabilitation Center, LLC; Cozad Care and Rehabilitation Center, LLC; Franklin Care and Rehabilitation Center, LLC; Fullerton Care and Rehabilitation Center, LLC; Grand Island Lakeview Care and Rehabilitation Center, LLC; Grand Island Park Place Care and Rehabilitation Center, LLC; Hartington Care and Rehabilitation Center, LLC; Nebraska City Care and Rehabilitation Center, LLC; Neligh Care and Rehabilitation Center, LLC; Norfolk Care and Rehabilitation Center, LLC; Omaha Metro Care and Rehabilitation Center, LLC; Sorensen Care and Rehabilitation Center, LLC; O'Neill Care and Rehabilitation Center, LLC; Plattsmouth Care and Rehabilitation Center, LLC; Schuyler Care and Rehabilitation Center, LLC; Scottsbluff Care and Rehabilitation Center, LLC; Sidney Care and Rehabilitation Center, LLC; Tekamah Care and Rehabilitation Center, LLC; Wausa Care and Rehabilitation Center, LLC; Chase County Care and Rehabilitation Center, LLC; Downs Care and Rehabilitation Center, LLC; Edwardsville Care and Rehabilitation Center, LLC; El Dorado Care and Rehabilitation Center, LLC; Eskridge Care and Rehabilitation Center, LLC; Kaw River Care and Rehabilitation Center,

LLC; Lansing Care and Rehabilitation Center, LLC; Neodesha Care and Rehabilitation Center, LLC; Parkway Care and Rehabilitation Center, LLC; Pittsburg Care and Rehabilitation Center, LLC; Spring Hill Care and Rehabilitation Center, LLC; Wakefield Care and Rehabilitation Center, LLC; Wellington Care and Rehabilitation Center, LLC; Wichita Care and Rehabilitation Center, LLC; Wilson Care and Rehabilitation Center, LLC; Arlington Care and Rehabilitation Center, LLC; Armour Care and Rehabilitation Center, LLC; Bella Vista Care and Rehabilitation Center, LLC; Black Hills Care and Rehabilitation Center, LLC; Clark Care and Rehabilitation Center, LLC; Covington Care and Rehabilitation Center, LLC; Groton Care and Rehabilitation Center, LLC; Ipswich Care and Rehabilitation Center, LLC; Lake Norden Care and Rehabilitation Center, LLC; Madison Care and Rehabilitation Center, LLC; Meadowbrook Care and Rehabilitation Center, LLC; Milbank Care and Rehabilitation Center, LLC; Mobridge Care and Rehabilitation Center, LLC; Park Place Care and Rehabilitation Center, LLC; Pierre Care and Rehabilitation Center, LLC; Prairie Hills Care and Rehabilitation Center, LLC; Redfield Care and Rehabilitation Center, LLC; Salem Care and Rehabilitation Center, LLC; and Watertown Care And Rehabilitation Center, LLC (collectively "Plaintiffs"), by and through their undersigned counsel, and pursuant to Rule 8 and 10 of the Federal Rules of Civil Procedure, submit their Complaint against Defendants Nicholas Finn, Ronald E. Silva, GGNSC Administrative Services, LLC; GPH Doylestown, LP; GPH Lancaster, LP; GPH Lansdale, LP; GPH Philadelphia, LP; GPH Phoenixville II, LP; GPH Mount Penn, LP; GPH Rosemont, LP; GPH Broken Bow, LLC; GPH Columbus, LLC; GPH Cozad, LLC; GPH Franklin III, LLC; GPH Fullerton, LLC; GPH Grand Island Lakeview, LLC; GPH Grand Island Park Place, LLC; GPH Hartington, LLC; GPH Nebraska City, LLC; GPH Neligh, LLC; GPH Norfolk Valley

View, LLC; GPH Omaha Hallmark, LLC; GPH Omaha Oak Grove, LLC; GPH O'Neill, LLC;

GPH Plattsmouth, LLC; GPH Schuyler, LLC; GPH Scottsbluff, LLC; GPH Sidney, LLC; GPH

Tekamah, LLC; GPH Wausa, LLC; GPH Cottonwood, LLC; GPH Downs, LLC; GPH

Edwardsville II, LLC; GPH Edwardsville III, LLC; GPH Edwardsville Parkway, LLC; GPH El

Dorado II, LLC; GPH Eskridge, LLC; GPH Lansing, LLC; GPH Lincoln, LLC; GPH Neodesha,

LLC; GPH Pittsburg, LLC; GPH Spring Hill, LLC; GPH Wakefield, LLC; GPH Wellington,

LLC; GPH Wilson, LLC; GPH Arlington, LLC; GPH Armour, LLC; GPH Clark, LLC; GPH

Groton, LLC; GPH Ipswich, LLC; GPH Lake Norden, LLC; GPH Madison South Dakota, LLC;

GPH Milbank II, LLC; GPH Mobridge, LLC; GPH Pierre, LLC; GPH Rapid City Black Hills,

LLC; GPH Rapid City Bella Vista, LLC; GPH Rapid City Meadowbrook Manor, LLC; GPH

Rapid City II, LLC; GPH Redfield, LLC; GPH Salem, LLC; GPH Sioux Falls, LLC; GPH

Watertown Acquisition, LLC; GGNSC Doylestown, LP; GGNSC Lancaster, LP; GGNSC

Lansdale, LP; GGNSC Philadelphia, LP; GGNSC Phoenixville II, LP; GGNSC Mount Penn, LP;

GGNSC Rosemont, LP; GGNSC Broken Bow, LLC; GGNSC Columbus, LLC; GGNSC Cozad,

LLC; GGNSC Franklin III, LLC; GGNSC Fullerton, LLC; GGNSC Grand Island Lakeview,

LLC; GGNSC Grand Island Park Place, LLC; GGNSC Hartington, LLC; GGNSC Nebraska

City, LLC; GGNSC Neligh, LLC; GGNSC Norfolk Valley View, LLC; GGNSC Omaha

Hallmark, LLC; GGNSC Omaha Oak Grove, LLC; GGNSC O'Neill, LLC; GGNSC Plattsmouth,

LLC; GGNSC Schuyler, LLC; GGNSC Scottsbluff, LLC; GGNSC Sidney, LLC; GGNSC

Tekamah, LLC; GGNSC Wausa, LLC; GGNSC Cottonwood, LLC; GGNSC Downs, LLC;

GGNSC Edwardsville II, LLC; GGNSC Edwardsville III, LLC; GGNSC Edwardsville Parkway,

LLC; GGNSC El Dorado II, LLC; GGNSC Eskridge, LLC; GGNSC Lansing, LLC; GGNSC

Lincoln, LLC; GGNSC Neodesha, LLC; GGNSC Pittsburg, LLC; GGNSC Spring Hill, LLC; GGNSC Wakefield, LLC; GGNSC Wellington, LLC; GGNSC Wilson, LLC; GGNSC Arlington, LLC; GGNSC Armour, LLC; GGNSC Clark, LLC; GGNSC Groton, LLC; GGNSC Ipswich, LLC; GGNSC Lake Norden, LLC; GGNSC Madison South Dakota, LLC; GGNSC Milbank II, LLC; GGNSC Mobridge, LLC; GGNSC Pierre, LLC; GGNSC Rapid City Black Hills, LLC; GGNSC Rapid City Bella Vista, LLC; GGNSC Rapid City Meadowbrook Manor, LLC; GGNSC Rapid City II, LLC; GGNSC Redfield, LLC; GGNSC Salem, LLC; GGNSC Sioux Falls, LLC; GGNSC Watertown Operating, LLC; and John & Jane Does 1 – 10 (collectively "Defendants"), and alleges as follows:

## PARTIES

1.     Plaintiff Joseph Schwartz is a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

2.     Plaintiff Rosie Schwartz is a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

3.     Plaintiff Doylestown Care and Rehabilitation Center, LLC is a Pennsylvania limited liability company. Its sole member is JS PA Healthcare, LLC, a Pennsylvania limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

4.     Plaintiff Lancaster Care and Rehabilitation Center, LLC is a Pennsylvania limited liability company. Its sole member is JS PA Healthcare, LLC, a Pennsylvania limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

5.      Plaintiff Lansdale Care and Rehabilitation Center, LLC is a Pennsylvania limited liability company. Its sole member is JS PA Healthcare, LLC, a Pennsylvania limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

6.      Plaintiff Phoenixville Care and Rehabilitation Center, LLC is a Pennsylvania limited liability company. Its sole member is JS PA Healthcare, LLC, a Pennsylvania limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

7.      Plaintiff Reading Care and Rehabilitation Center, LLC is a Pennsylvania limited liability company. Its sole member is JS PA Healthcare, LLC, a Pennsylvania limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

8.      Plaintiff Rosemont Care and Rehabilitation Center, LLC is a Pennsylvania limited liability company. Its sole member is JS PA Healthcare, LLC, a Pennsylvania limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

9.      Plaintiff Stenton Care and Rehabilitation Center, LLC is a Pennsylvania limited liability company. Its sole member is JS PA Healthcare, LLC, a Pennsylvania limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

10.     Plaintiff Broken Bow Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability

company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

11.     Plaintiff Columbus Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

12.     Plaintiff Cozad Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

13.     Plaintiff Franklin Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

14.     Plaintiff Fullerton Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

15.     Plaintiff Grand Island Lakeview Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New

York.

16.     Plaintiff Grand Island Park Place Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

17.     Plaintiff Hartington Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

18.     Plaintiff Nebraska City Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

19.     Plaintiff Neligh Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

20.     Plaintiff Norfolk Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

21.     Plaintiff Omaha Metro Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

22.     Plaintiff Sorensen Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

23.     Plaintiff O'Neill Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

24.     Plaintiff Plattsmouth Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

25.     Plaintiff Schuyler Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

26.     Plaintiff Scottsbluff Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability

company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

27.     Plaintiff Sidney Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

28.     Plaintiff Tekamah Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

29.     Plaintiff Wausa Care and Rehabilitation Center, LLC is a Nebraska limited liability company. Its sole member is Cottonwood Healthcare, LLC, a Nebraska limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

30.     Plaintiff Chase County Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

31.     Plaintiff Downs Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

32.     Plaintiff Edwardsville Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

33.     Plaintiff El Dorado Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

34.     Plaintiff Eskridge Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

35.     Plaintiff Kaw River Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

36.     Plaintiff Lansing Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

37.     Plaintiff Neodesha Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability

company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

38.    Plaintiff Parkway Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

39.    Plaintiff Pittsburg Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

40.    Plaintiff Spring Hill Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

41.    Plaintiff Wakefield Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

42.    Plaintiff Wellington Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

43.     Plaintiff Wichita Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

44.     Plaintiff Wilson Care and Rehabilitation Center, LLC is a Kansas limited liability company. Its sole member is Great Plains Healthcare, LLC, a Kansas limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

45.     Plaintiff Arlington Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

46.     Plaintiff Armour Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

47.     Plaintiff Bella Vista Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

48.     Plaintiff Black Hills Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota

limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

49.     Plaintiff Clark Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

50.     Plaintiff Covington Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

51.     Plaintiff Groton Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

52.     Plaintiff Ipswich Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

53.     Plaintiff Lake Norden Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

54.     Plaintiff Madison Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

55.     Plaintiff Meadowbrook Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

56.     Plaintiff Milbank Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

57.     Plaintiff Mobridge Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

58.     Plaintiff Park Place Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

59.     Plaintiff Pierre Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited

liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

60.     Plaintiff Prairie Hills Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

61.     Plaintiff Redfield Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

62.     Plaintiff Salem Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

63.     Plaintiff Watertown Care and Rehabilitation Center, LLC is a South Dakota limited liability company. Its sole member is SD Sky Healthcare Holdings, LLC, a South Dakota limited liability company. Additionally, its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

64.     Defendant Nicholas Finn is a natural person and resident of Arkansas.

65.     Defendant Ronald E. Silva is a natural person and resident of California.

66.     Defendant GGNSC Administrative Services, LLC is a Delaware limited liability which is ultimately a citizen of Delaware and California because its sole member is Drumm

Corp., a Delaware corporation with its principal place of business in San Francisco, California.

67.    Defendant GPH Doylestown, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Doylestown, LP's general partner is GPH Doylestown GP, LLC, a Delaware limited liability company; (ii) GPH Doylestown GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

68.    Defendant GPH Lancaster, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Lancaster, LP's general partner is GPH Lancaster GP, LLC, a Delaware limited liability company; (ii) GPH Lancaster GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

69.    Defendant GPH Lansdale, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Lansdale, LP's general partner is GPH Lansdale GP, LLC, a Delaware limited liability company; (ii) GPH Lansdale GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member

is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

70.     Defendant GPH Philadelphia, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Philadelphia, LP's general partner is GPH Philadelphia GP, LLC, a Delaware limited liability company; (ii) GPH Philadelphia GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

71.     Defendant GPH Phoenixville II, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Phoenixville II, LP's general partner is GPH Phoenixville II GP, LLC, a Delaware limited liability company; (ii) GPH Phoenixville II GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

72.     Defendant GPH Mount Penn, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Mount Penn, LP's general partner is GPH Mount Penn GP, LLC, a Delaware limited liability

company; (ii) GPH Mount Penn GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

73.     Defendant GPH Rosemont, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Rosemont, LP's general partner is GPH Rosemont GP, LLC, a Delaware limited liability company; (ii) GPH Rosemont GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

74.     Defendant GPH Broken Bow, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Broken Bow, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

75.     Defendant GPH Columbus, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH

Columbus, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

76.     Defendant GPH Cozad, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Cozad, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

77.     Defendant GPH Franklin III, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Franklin III, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

78.     Defendant GPH Fullerton, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Fullerton, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited

liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

79.     Defendant GPH Grand Island Lakeview, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Grand Island Lakeview, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

80.     Defendant GPH Grand Island Park Place, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Grand Island Park Place, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

81.     Defendant GPH Hartington, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Hartington, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC

Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

82.     Defendant GPH Nebraska City, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Nebraska City, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

83.     Defendant GPH Neligh, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Neligh, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

84.     Defendant GPH Norfolk Valley View, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Norfolk Valley View, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC

Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

85.     Defendant GPH Omaha Hallmark, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Omaha Hallmark, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

86.     Defendant GPH Omaha Oak Grove, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Omaha Oak Grove, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

87.     Defendant GPH O'Neill, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH O'Neill, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San

Francisco, California.

88.     Defendant GPH Plattsmouth, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Plattsmouth, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

89.     Defendant GPH Schuyler, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Schuyler, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

90.     Defendant GPH Scottsbluff, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Scottsbluff, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

91.     Defendant GPH Sidney, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Sidney, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

92.     Defendant GPH Tekamah, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Tekamah, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

93.     Defendant GPH Wausa, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Wausa, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

94.     Defendant GPH Cottonwood, LLC is a Delaware limited liability company which

is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Cottonwood, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

95.     Defendant GPH Downs, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Downs, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

96.     Defendant GPH Edwardsville II, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Edwardsville II, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

97.     Defendant GPH Edwardsville III, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i)

GPH Edwardsville III, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

98.     Defendant GPH Edwardsville Parkway, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Edwardsville Parkway, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

99.     Defendant GPH El Dorado II, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH El Dorado II, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

100.     Defendant GPH Eskridge, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Eskridge, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited

liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

101.     Defendant GPH Lansing, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Lansing, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

102.     Defendant GPH Lincoln, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Lincoln, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

103.     Defendant GPH Neodesha, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Neodesha, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC

Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

104.    Defendant GPH Pittsburg, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Pittsburg, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

105.    Defendant GPH Spring Hill, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Spring Hill, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

106.    Defendant GPH Wakefield, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Wakefield, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole

member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

107.     Defendant GPH Wellington, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Wellington, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

108.     Defendant GPH Wilson, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Wilson, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

109.     Defendant GPH Arlington, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Arlington, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San

Francisco, California.

110.    Defendant GPH Armour, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Armour, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

111.    Defendant GPH Clark, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Clark, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

112.    Defendant GPH Groton, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Groton, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

113.    Defendant GPH Ipswich, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Ipswich, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

114.    Defendant GPH Lake Norden, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Lake Norden, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

115.    Defendant GPH Madison South Dakota, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Madison South Dakota, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

116.    Defendant GPH Milbank II, LLC is a Delaware limited liability company which

is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Milbank II, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

117.    Defendant GPH Mobridge, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Mobridge, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

118.    Defendant GPH Pierre, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Pierre, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

119.    Defendant GPH Rapid City Black Hills, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal

entities: (i) GPH Rapid City Black Hills, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

120.    Defendant GPH Rapid City Bella Vista, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Rapid City Bella Vista, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

121.    Defendant GPH Rapid City Meadowbrook Manor, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Rapid City Meadowbrook Manor, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

122.    Defendant GPH Rapid City II, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Rapid City II, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware

limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

123.    Defendant GPH Redfield, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Redfield, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

124.    Defendant GPH Salem, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Salem, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

125.    Defendant GPH Sioux Falls, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Sioux Falls, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GPH Holdings,

LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

126.    Defendant GPH Watertown Acquisition, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GPH Watertown Acquisition, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

127.    Defendant GGNSC Doylestown, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Doylestown, LP's general partner is GGNSC Doylestown GP, LLC, a Delaware limited liability company; (ii) GGNSC Doylestown GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

128.    Defendant GGNSC Lancaster, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Lancaster, LP's general partner is GGNSC Lancaster GP, LLC, a Delaware limited liability company; (ii) GGNSC Lancaster GP, LLC's sole member is Golden Gate National Senior Care,

LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

129.     Defendant GGNSC Lansdale, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Lansdale, LP's general partner is GGNSC Lansdale GP, LLC, a Delaware limited liability company; (ii) GGNSC Lansdale GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

130.     Defendant GGNSC Philadelphia, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Philadelphia, LP's general partner is GGNSC Philadelphia GP, LLC, a Delaware limited liability company; (ii) GGNSC Philadelphia GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

131.     Defendant GGNSC Phoenixville II, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC

Phoenixville II, LP's general partner is GGNSC Phoenixville II GP, LLC, a Delaware limited liability company; (ii) GGNSC Phoenixville II GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

132.    Defendant GGNSC Mount Penn, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Mount Penn, LP's general partner is GGNSC Mount Penn GP, LLC, a Delaware limited liability company; (ii) GGNSC Mount Penn GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

133.    Defendant GGNSC Rosemont, LP is a Delaware limited partnership which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Rosemont, LP's general partner is GGNSC Rosemont GP, LLC, a Delaware limited liability company; (ii) GGNSC Rosemont GP, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iv) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

134.     Defendant GGNSC Broken Bow, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Broken Bow, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

135.     Defendant GGNSC Columbus, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Columbus, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (iii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

136.     Defendant GGNSC Cozad, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Cozad, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

137.     Defendant GGNSC Franklin III, LLC is a Delaware limited liability company

which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Franklin III, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

138.    Defendant GGNSC Fullerton, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Fullerton, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

139.    Defendant GGNSC Grand Island Lakeview, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Grand Island Lakeview, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

140.    Defendant GGNSC Grand Island Park Place, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal

entities: (i) GGNSC Grand Island Park Place, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

141.    Defendant GGNSC Hartington, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Hartington, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

142.    Defendant GGNSC Nebraska City, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Nebraska City, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

143.    Defendant GGNSC Neligh, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Neligh, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited

liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

144.    Defendant GGNSC Norfolk Valley View, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Norfolk Valley View, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

145.    Defendant GGNSC Omaha Hallmark, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Omaha Hallmark View, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

146.    Defendant GGNSC Omaha Oak Grove, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Omaha Oak Grove, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's

sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

147.    Defendant GGNSC O'Neill, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC O'Neill, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

148.    Defendant GGNSC Plattsmouth, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Plattsmouth, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

149.    Defendant GGNSC Schuyler, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Schuyler, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole

member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

150.    Defendant GGNSC Scottsbluff, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Scottsbluff, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

151.    Defendant GGNSC Sidney, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Sidney, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

152.    Defendant GGNSC Tekamah, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Tekamah, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San

Francisco, California.

153.    Defendant GGNSC Wausa, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Wausa, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

154.    Defendant GGNSC Cottonwood, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Cottonwood, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

155.    Defendant GGNSC Downs, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Downs, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

156.    Defendant GGNSC Edwardsville II, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Edwardsville II, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

157.    Defendant GGNSC Edwardsville III, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Edwardsville III, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

158.    Defendant GGNSC Edwardsville Parkway, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Edwardsville Parkway, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

159.    Defendant GGNSC El Dorado II, LLC is a Delaware limited liability company

which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC El Dorado II, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

160.    Defendant GGNSC Eskridge, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Eskridge, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

161.    Defendant GGNSC Lansing, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Lansing, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

162.    Defendant GGNSC Lincoln, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i)

GGNSC Lincoln, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

163.   Defendant GGNSC Neodesha, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Neodesha, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

164.   Defendant GGNSC Pittsburg, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Pittsburg, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

165.   Defendant GGNSC Spring Hill, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Spring Hill, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware

limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

166.    Defendant GGNSC Wakefield, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Wakefield, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

167.    Defendant GGNSC Wellington, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Wellington, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

168.    Defendant GGNSC Wilson, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Wilson, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC

Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

169.    Defendant GGNSC Arlington, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Arlington, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

170.    Defendant GGNSC Armour, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Armour, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

171.    Defendant GGNSC Clark, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Clark, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole

member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

172.    Defendant GGNSC Groton, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Groton, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

173.    Defendant GGNSC Ipswich, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Ipswich, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

174.    Defendant GGNSC Lake Norden, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Lake Norden, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business

in San Francisco, California.

175.     Defendant GGNSC Madison South Dakota, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Madison South Dakota, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

176.     Defendant GGNSC Milbank II, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Milbank II, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

177.     Defendant GGNSC Mobridge, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Mobridge, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

178.     Defendant GGNSC Pierre, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Pierre, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

179.     Defendant GGNSC Rapid City Black Hills, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Rapid City Black Hills, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

180.     Defendant GGNSC Rapid City Bella Vista, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Rapid City Bella Vista, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

181.     Defendant GGNSC Rapid City Meadowbrook Manor, LLC is a Delaware limited

liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Rapid City Meadowbrook Manor, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

182.   Defendant GGNSC Rapid City II, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Rapid City II, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

183.   Defendant GGNSC Redfield, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Redfield, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

184.   Defendant GGNSC Salem, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC

Salem, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

185.   Defendant GGNSC Sioux Falls, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Sioux Falls, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

186.   Defendant GGNSC Watertown Operating, LLC is a Delaware limited liability company which is ultimately a citizen of Delaware and California through the following legal entities: (i) GGNSC Watertown Operating, LLC's sole member is Golden Gate National Senior Care, LLC, a Delaware limited liability company; (ii) Golden Gate National Senior Care, LLC's sole member is GGNSC Holdings, LLC, a Delaware limited liability company; and (iii) GGNSC Holdings, LLC's sole member is Drumm Corp., a Delaware corporation with its principal place of business in San Francisco, California.

187.   Upon information and belief, Defendants John & Jane Does 1 through 10 are unknown, but indispensable parties to this matter and are likely be identified through discovery.

## JURISDICTION AND VENUE

188.    There is complete diversity between the parties pursuant to 28 U.S.C. § 1332 because Plaintiffs' member is a citizen of New York, and Defendants' are citizens of California, Delaware, and Arkansas.

189.    As set forth below and incorporated herein, the amount in controversy requirements of 28 U.S.C. § 1332 are satisfied in that there is more than $ 75,000.00 at issue, exclusive of costs and interest.

190.    This action properly lies in the Northern District of California pursuant to 28 U.S.C. § 1391(a), because a substantial part of the acts or omissions giving rise to this action occurred in the Northern District of California.

## BACKGROUND

191.    Plaintiffs incorporate by reference paragraphs 1 through 190.

192.    In early 2018, Defendant GGNSC Administrative Services, LLC, through its agent Houlihan Lokey, marketed the operations portion of its portfolio which consisted of 291 skilled nursing facilities across twenty-one (21) states.

193.    As part of its marketing scheme, Defendants, through Houlihan Lokey, prepared misleading, false, and manipulated financials for each of its nursing home facilities with the purpose of enticing prospective tenants and new operators to overpay for the leased of its facilities. In fact, Defendants proved successful with its scheme.

194.    Specifically, Defendants knew that several of its expenses in the disclosed financial statements were significantly below the rates that would be charged to any new operator of those facilities. This includes, but is not limited to, the preferential rates Defendants

- 65 -

received from Staffing 360 (the staffing company used for all of its facilities) would not be extended to any subsequent operator of those facilities.

195.    Instead of accurately representing the expenses on the disclosed financial statements to reflect this increase in costs to operate the facilities, or that the preferential rates would, or would not, continue, Defendants, through its agent Houlihan Lokey, intentionally and willfully reduced expense figures to falsely reflect its most current negotiated contract(s).

196.    In reliance on the financials provided by Defendants, Plaintiffs submitted its indication of interest ("IOI") for sixty-one (61) nursing home facilities located in Nebraska, Kansas, South Dakota, and Pennsylvania.

197.    On or about August 26, 2016 and in reliance on the financial statements and representations made by Defendants, twenty (20) separate Operations Transfer Agreements (collectively "Nebraska OTAs") were executed by Plaintiffs Broken Bow Care and Rehabilitation Center, LLC; Columbus Care and Rehabilitation Center, LLC; Cozad Care and Rehabilitation Center, LLC; Franklin Care and Rehabilitation Center, LLC; Fullerton Care and Rehabilitation Center, LLC; Grand Island Lakeview Care and Rehabilitation Center, LLC; Grand Island Park Place Care and Rehabilitation Center, LLC; Hartington Care and Rehabilitation Center, LLC; Nebraska City Care and Rehabilitation Center, LLC; Neligh Care and Rehabilitation Center, LLC; Norfolk Care and Rehabilitation Center, LLC; Omaha Metro Care and Rehabilitation Center, LLC; Sorensen Care and Rehabilitation Center, LLC; O'Neill Care and Rehabilitation Center, LLC; Plattsmouth Care and Rehabilitation Center, LLC; Schuyler Care and Rehabilitation Center, LLC; Scottsbluff Care and Rehabilitation Center, LLC; Sidney Care and Rehabilitation Center, LLC; Tekamah Care and Rehabilitation Center, LLC; and

Wausa Care and Rehabilitation Center, LLC (collectively "New Nebraska Operators") and Defendants GGNSC Broken Bow, LLC; GGNSC Columbus, LLC; GGNSC Cozad, LLC; GGNSC Franklin III, LLC; GGNSC Fullerton, LLC; GGNSC Grand Island Lakeview, LLC; GGNSC Grand Island Park Place, LLC; GGNSC Hartington, LLC; GGNSC Nebraska City, LLC; GGNSC Neligh, LLC; GGNSC Norfolk Valley View, LLC; GGNSC Omaha Hallmark, LLC; GGNSC Omaha Oak Grove, LLC; GGNSC O'Neill, LLC; GGNSC Plattsmouth, LLC; GGNSC Schuyler, LLC; GGNSC Scottsbluff, LLC; GGNSC Sidney, LLC; GGNSC Tekamah, LLC; and GGNSC Wausa, LLC (collectively "Old Nebraska Operators"), respectively. **See Attached Exhibit A, an executed and representative OTA; one (1) of twenty (20) transactions.**

198.    Also on or about August 26, 2016 and in reliance on the financial statements and representations made by Defendants, fifteen (15) separate Operations Transfer Agreements (collectively "Kansas OTAs") were executed by Plaintiffs Chase County Care and Rehabilitation Center, LLC; Downs Care and Rehabilitation Center, LLC; Edwardsville Care and Rehabilitation Center, LLC; El Dorado Care and Rehabilitation Center, LLC; Eskridge Care and Rehabilitation Center, LLC; Kaw River Care and Rehabilitation Center, LLC; Lansing Care and Rehabilitation Center, LLC; Neodesha Care and Rehabilitation Center, LLC; Parkway Care and Rehabilitation Center, LLC; Pittsburg Care and Rehabilitation Center, LLC; Spring Hill Care and Rehabilitation Center, LLC; Wakefield Care and Rehabilitation Center, LLC; Wellington Care and Rehabilitation Center, LLC; Wichita Care and Rehabilitation Center, LLC; and Wilson Care and Rehabilitation Center, LLC (collectively "New Kansas Operators") and GGNSC Cottonwood, LLC; GGNSC Downs, LLC; GGNSC Edwardsville II, LLC; GGNSC Edwardsville

III, LLC; GGNSC Edwardsville Parkway, LLC; GGNSC El Dorado II, LLC; GGNSC Eskridge, LLC; GGNSC Lansing, LLC; GGNSC Lincoln, LLC; GGNSC Neodesha, LLC; GGNSC Pittsburg, LLC; GGNSC Spring Hill, LLC; GGNSC Wakefield, LLC; GGNSC Wellington, LLC; and GGNSC Wilson, LLC (collectively "Old Kansas Operators"), respectively. **See Attached Exhibit B, an executed and representative OTA; one (1) of fifteen (15) transactions.**

199.    On or about December 7, 2016 and in reliance on the financial statements and representations made by Defendants, nineteen (19) separate Operations Transfer Agreements (collectively "South Dakota OTAs") were executed by Plaintiffs Arlington Care and Rehabilitation Center, LLC; Armour Care and Rehabilitation Center, LLC; Bella Vista Care and Rehabilitation Center, LLC; Black Hills Care and Rehabilitation Center, LLC; Clark Care and Rehabilitation Center, LLC; Covington Care and Rehabilitation Center, LLC; Groton Care and Rehabilitation Center, LLC; Ipswich Care and Rehabilitation Center, LLC; Lake Norden Care and Rehabilitation Center, LLC; Madison Care and Rehabilitation Center, LLC; Meadowbrook Care and Rehabilitation Center, LLC; Milbank Care and Rehabilitation Center, LLC; Mobridge Care and Rehabilitation Center, LLC; Park Place Care and Rehabilitation Center, LLC; Pierre Care and Rehabilitation Center, LLC; Prairie Hills Care and Rehabilitation Center, LLC; Redfield Care and Rehabilitation Center, LLC; Salem Care and Rehabilitation Center, LLC; and Watertown Care And Rehabilitation Center, LLC (collectively "New South Dakota Operators") and Defendants GGNSC Arlington, LLC; GGNSC Armour, LLC; GGNSC Clark, LLC; GGNSC Groton, LLC; GGNSC Ipswich, LLC; GGNSC Lake Norden, LLC; GGNSC Madison South Dakota, LLC; GGNSC Milbank II, LLC; GGNSC Mobridge, LLC; GGNSC Pierre, LLC;

GGNSC Rapid City Black Hills, LLC; GGNSC Rapid City Bella Vista, LLC; GGNSC Rapid City Meadowbrook Manor, LLC; GGNSC Rapid City II, LLC; GGNSC Redfield, LLC; GGNSC Salem, LLC; GGNSC Sioux Falls, LLC; GGNSC Watertown Operating, LLC (collectively "Old South Dakota Operators"), respectively. **See Attached Exhibit C, an executed and representative OTA; one (1) of nineteen (19) transactions.**

200.    Also on or about December 7, 2016 and in reliance on the financial statements and representations made by Defendants, seven (7) separate Operations Transfer Agreements were executed by Plaintiffs Doylestown Care and Rehabilitation Center, LLC; Lancaster Care and Rehabilitation Center,, LLC; Lansdale Care and Rehabilitation Center, LLC; Phoenixville Care and Rehabilitation Center, LLC; Reading Care and Rehabilitation Center, LLC; Rosemont Care and Rehabilitation Center, LLC; and Stenton Care and Rehabilitation Center, LLC (collectively "New Pennsylvania Operators") and Defendants GGNSC Doylestown, LP; GGNSC Lancaster, LP; GGNSC Lansdale, LP; GGNSC Philadelphia, LP; GGNSC Phoenixville II, LP; GGNSC Mount Penn, LP; and GGNSC Rosemont, LP (collectively "Old Pennsylvania Operators"), respectively. **See Attached Exhibit D, an executed and representative OTA; one (1) of seven (7) transactions.**

201.    On or about January 2, 2017 and in reliance on the financial statements and representations made by Defendants, the Second Amended and Restated Master Lease was executed by Plaintiffs Broken Bow Care and Rehabilitation Center, LLC; Columbus Care and Rehabilitation Center, LLC; Cozad Care and Rehabilitation Center, LLC; Franklin Care and Rehabilitation Center, LLC; Fullerton Care and Rehabilitation Center, LLC; Grand Island Lakeview Care and Rehabilitation Center, LLC; Grand Island Park Place Care and Rehabilitation

Center, LLC; Hartington Care and Rehabilitation Center, LLC; Nebraska City Care and Rehabilitation Center, LLC; Neligh Care and Rehabilitation Center, LLC; Norfolk Care and Rehabilitation Center, LLC; Omaha Metro Care and Rehabilitation Center, LLC; Sorensen Care and Rehabilitation Center, LLC; O'Neill Care and Rehabilitation Center, LLC; Plattsmouth Care and Rehabilitation Center, LLC; Schuyler Care and Rehabilitation Center, LLC; Scottsbluff Care and Rehabilitation Center, LLC; Sidney Care and Rehabilitation Center, LLC; Tekamah Care and Rehabilitation Center, LLC; Wausa Care and Rehabilitation Center, LLC; (collectively "Nebraska Tenants") Chase County Care and Rehabilitation Center, LLC; Downs Care and Rehabilitation Center, LLC; Edwardsville Care and Rehabilitation Center, LLC; El Dorado Care and Rehabilitation Center, LLC; Eskridge Care and Rehabilitation Center, LLC; Kaw River Care and Rehabilitation Center, LLC; Lansing Care and Rehabilitation Center, LLC; Neodesha Care and Rehabilitation Center, LLC; Parkway Care and Rehabilitation Center, LLC; Pittsburg Care and Rehabilitation Center, LLC; Spring Hill Care and Rehabilitation Center, LLC; Wakefield Care and Rehabilitation Center, LLC; Wellington Care and Rehabilitation Center, LLC; Wichita Care and Rehabilitation Center, LLC; Wilson Care and Rehabilitation Center, LLC; (collectively "Kansas Tenants") Arlington Care and Rehabilitation Center, LLC; Armour Care and Rehabilitation Center, LLC; Bella Vista Care and Rehabilitation Center, LLC; Black Hills Care and Rehabilitation Center, LLC; Clark Care and Rehabilitation Center, LLC; Covington Care and Rehabilitation Center, LLC; Groton Care and Rehabilitation Center, LLC; Ipswich Care and Rehabilitation Center, LLC; Lake Norden Care and Rehabilitation Center, LLC; Madison Care and Rehabilitation Center, LLC; Meadowbrook Care and Rehabilitation Center, LLC; Milbank Care and Rehabilitation Center, LLC; Mobridge Care and Rehabilitation Center, LLC; Park

Place Care and Rehabilitation Center, LLC; Pierre Care and Rehabilitation Center, LLC; Prairie Hills Care and Rehabilitation Center, LLC; Redfield Care and Rehabilitation Center, LLC; Salem Care and Rehabilitation Center, LLC; and Watertown Care And Rehabilitation Center, LLC (collectively "South Dakota Tenants") and GPH Broken Bow, LLC; GPH Columbus, LLC; GPH Cozad, LLC; GPH Franklin III, LLC; GPH Fullerton, LLC; GPH Grand Island Lakeview, LLC; GPH Grand Island Park Place, LLC; GPH Hartington, LLC; GPH Nebraska City, LLC; GPH Neligh, LLC; GPH Norfolk Valley View, LLC; GPH Omaha Hallmark, LLC; GPH Omaha Oak Grove, LLC; GPH O'Neill, LLC; GPH Plattsmouth, LLC; GPH Schuyler, LLC; GPH Scottsbluff, LLC; GPH Sidney, LLC; GPH Tekamah, LLC; GPH Wausa, LLC (collectively "Nebraska Landlords"); GPH Cottonwood, LLC; GPH Downs, LLC; GPH Edwardsville II, LLC; GPH Edwardsville III, LLC; GPH Edwardsville Parkway, LLC; GPH El Dorado II, LLC; GPH Eskridge, LLC; GPH Lansing, LLC; GPH Lincoln, LLC; GPH Neodesha, LLC; GPH Pittsburg, LLC; GPH Spring Hill, LLC; GPH Wakefield, LLC; GPH Wellington, LLC; GPH Wilson, LLC (collectively "Kansas Landlords"); GPH Arlington, LLC; GPH Armour, LLC; GPH Clark, LLC; GPH Groton, LLC; GPH Ipswich, LLC; GPH Lake Norden, LLC; GPH Madison South Dakota, LLC; GPH Milbank II, LLC; GPH Mobridge, LLC; GPH Pierre, LLC; GPH Rapid City Black Hills, LLC; GPH Rapid City Bella Vista, LLC; GPH Rapid City Meadowbrook Manor, LLC; GPH Rapid City II, LLC; GPH Redfield, LLC; GPH Salem, LLC; GPH Sioux Falls, LLC; and GPH Watertown Acquisition, LLC (collectively "South Dakota Landlords"), respectively. **See Attached Exhibit E.**

202.    Section 3.1 of the Second Amended and Restated Master Lease provided that:

> **Security Deposit**. Tenant shall pay to and deposit with Landlord upon the execution and delivery of this Lease an amount which,

when added to the "Security Deposit" currently held by Landlord under the Existing Lease, shall equal to three (3) monthly payments of Base Rent as of the Commencement Date (subject to replenishment as described in this Section .1) as security (the "Security Deposit") for the full and faithful performance b Tenant of each and every term, provision, covenant and condition of this Lease.

203.    In accordance with Section 3.1 of the Second Amended and Restated Master Lease, Plaintiffs Nebraska Tenants, Kansas Tenants, and South Dakota Tenants deposited a total of Two Million Three Hundred Seventy-Five Thousand Dollars ($ 2,375,000.00) with Defendants Nebraska Landlords, Kansas Landlords, and South Dakota Landlords.

204.    In addition to the required security deposit, Plaintiffs Nebraska Tenants, Kansas Tenants, and South Dakota Tenants also made a first month's lease payment in the amount of approximately Eight Hundred Thousand Dollars ($ 800,000.00).

205.    On or about February 1, 2017 and in reliance of the financial statements and representations made by Defendants, the Master Lease was executed by Plaintiffs Doylestown Care and Rehabilitation Center, LLC; Lancaster Care and Rehabilitation Center,, LLC; Lansdale Care and Rehabilitation Center, LLC; Phoenixville Care and Rehabilitation Center, LLC; Reading Care and Rehabilitation Center, LLC; Rosemont Care and Rehabilitation Center, LLC; and Stenton Care and Rehabilitation Center, LLC (collectively "Pennsylvania Tenants" and Defendants GPH Doylestown, LP; GPH Lancaster, LP; GPH Lansdale, LP; GPH Philadelphia, LP; GPH Phoenixville II, LP; GPH Mount Penn, LP; and GPH Rosemont, LP (collectively "Pennsylvania Landlords"), respectively. **See Attached Exhibit F.**

206.    Section 3.1 of the Master Lease provided that:

**Security Deposit**. Tenant shall pay to and deposit with Landlord upon the execution and delivery of this Lease an amount which,

when added to the "Security Deposit" currently held by Landlord under the Existing Lease, shall equal to three (3) monthly payments of Base Rent as of the Commencement Date (subject to replenishment as described in this Section .1) as security (the "Security Deposit") for the full and faithful performance b Tenant of each and every term, provision, covenant and condition of this Lease.

207.    In accordance with Section 3.1 of the Master Lease, Plaintiffs Pennsylvania Tenants deposited One Million Dollars ($ 1,000,000.00) with Defendants Pennsylvania Landlords.

208.    In addition to the security deposit, Plaintiffs Pennsylvania Tenants made a first month's lease payment in the amount of Three Hundred Thirty-Three Thousand Three Hundred Thirty-Three Dollars ($ 333,333.00).

209.    It became immediately apparent after taking control of the operations at each of the facilities that the financial statements and representations made by Defendants were false and misleading.

210.    In fact, within the first year of operating the facilities previously operated by Defendants Old Nebraska Operators, Old Pennsylvania Operators, Old Kansas Operators, and Old South Dakota Operators, Plaintiffs incurred losses in excess of Thirty-Nine Million Dollars.

211.    Upon information and belief, none of Defendants' representations were accurate.

212.    Defendants conduct was intentional, wrongful and egregious.

## COUNT 1
### FRAUDULENT MISREPRESENTATION – DOYLESTOWN

213.    Plaintiffs incorporate by reference paragraphs 1 through 212.

214.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP, through their agent Houlihan Lokey,

made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 423 Maple Street, Doylestown, Pennsylvania.

215.   The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP was false when it was made.

216.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

217.   The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

218.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Doylestown, LP and GGNSC Doylestown, LP, respectively.

219.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP in an amount exceeding $ 75,000.

## COUNT 2
### NEGLIGENT MISREPRESENTATION – DOYLESTOWN

220.    Plaintiffs incorporate by reference paragraphs 1 through 212.

221.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 423 Maple Street, Doylestown, Pennsylvania.

222.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP made misrepresentations of material facts, without reasonable care.

223.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

224.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

225.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Doylestown, LP and GGNSC Doylestown, LP,

respectively.

226.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Doylestown Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Doylestown, LP; and GGNSC Doylestown, LP's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 3**
**FRAUDULENT MISREPRESENTATION – LANCASTER**

227.     Plaintiffs incorporate by reference paragraphs 1 through 212.

228.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lancaster, LP; and GGNSC Lancaster, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 425 North Duke Street, Lancaster, Pennsylvania.

229.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lancaster, LP; and GGNSC Lancaster, LP was false when it was made.

230.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lancaster, LP and GGNSC Lancaster, LP knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

231.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

232.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lancaster, LP and GGNSC Lancaster, LP, respectively.

233.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lancaster, LP; and GGNSC Lancaster, LP in an amount exceeding $ 75,000.

### COUNT 4
### NEGLIGENT MISREPRESENTATION – LANCASTER

234.     Plaintiffs incorporate by reference paragraphs 1 through 212.

235.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lancaster, LP; and GGNSC Lancaster, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 425 North Duke Street, Lancaster, Pennsylvania.

236.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lancaster, LP; and GGNSC Lancaster, LP made misrepresentations of material facts, without reasonable care.

237.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lancaster, LP; and GGNSC Lancaster, LP knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

238.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Lancaster, LP; and GGNSC Lancaster, LP knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

239.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lancaster, LP and GGNSC Lancaster, LP, respectively.

240.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lancaster Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lancaster, LP; and GGNSC Lancaster, LP's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 5
### FRAUDULENT MISREPRESENTATION – LANSDALE

241.    Plaintiffs incorporate by reference paragraphs 1 through 212.

242.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansdale, LP; and GGNSC Lansdale, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 25 West Fifth Street, Lansdale, Pennsylvania.

243.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansdale, LP; and GGNSC Lansdale, LP was false when it was made.

244.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Lansdale, LP; and GGNSC Lansdale, LP knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

245.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

246.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lansdale, LP and GGNSC Lansdale, LP, respectively.

247.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansdale, LP; and GGNSC Lansdale, LP in an amount exceeding $ 75,000.

## COUNT 6
## NEGLIGENT MISREPRESENTATION – LANSDALE

248.    Plaintiffs incorporate by reference paragraphs 1 through 212.

249.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansdale, LP; and GGNSC Lansdale, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 25 West Fifth Street, Lansdale, Pennsylvania.

250.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansdale, LP; and GGNSC Lansdale, LP knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

251.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansdale, LP; and GGNSC Lansdale, LP knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

252.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lansdale, LP and GGNSC Lansdale, LP, respectively.

253.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansdale Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansdale, LP; and GGNSC Lansdale, LP's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 7
### FRAUDULENT MISREPRESENTATION – PHOENIXVILLE

254.     Plaintiffs incorporate by reference paragraphs 1 through 212.

255.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 833 South Main Street, Phoenixville, Pennsylvania.

256.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP was false when it was made.

257.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

258.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC would rely upon them in determining whether to lease the facilities.

259.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Phoenixville II, LP and GGNSC Phoenixville II, LP, respectively.

260.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP in an amount exceeding $ 75,000.

### COUNT 8
### NEGLIGENT MISREPRESENTATION – PHOENIXVILLE

261.    Plaintiffs incorporate by reference paragraphs 1 through 212.

262.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 833 South Main Street, Phoenixville, Pennsylvania.

263.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and

Phoenixville Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP made misrepresentations of material facts, without reasonable care.

264.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

265.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC in determining whether to lease the facilities.

266.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Phoenixville II, LP and GGNSC Phoenixville II, LP, respectively.

267.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Phoenixville Care and Rehabilitation, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Phoenixville II, LP; and GGNSC Phoenixville II, LP's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 9
### FRAUDULENT MISREPRESENTATION – READING

268.    Plaintiffs incorporate by reference paragraphs 1 through 212.

269.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 21 Fairlane Road, Reading, Pennsylvania.

270.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP was false when it was made.

271.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

272.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC would rely upon them in determining whether to lease the facilities.

273.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Mount Penn, LP and GGNSC Mount Penn, LP, respectively.

274.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP in an amount exceeding $ 75,000.

**COUNT 10**
**NEGLIGENT MISREPRESENTATION – READING**

275.    Plaintiffs incorporate by reference paragraphs 1 through 212.

276.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 21 Fairlane Road, Reading, Pennsylvania.

277.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP made misrepresentations of material facts, without reasonable care.

278.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

279.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC in determining whether to lease the facilities.

280.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Mount Penn, LP; and GGNSC Mount Penn, LP, respectively.

281.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Reading Care and Rehabilitation, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mount Penn, LP; and GGNSC Mount Penn, LP's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 11
### FRAUDULENT MISREPRESENTATION – ROSEMONT

282.     Plaintiffs incorporate by reference paragraphs 1 through 212.

283.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 35 Rosemont Avenue, Rosemont, Pennsylvania.

284.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP was false when it was made.

285.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

286.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC would rely upon them in determining whether to lease the facilities.

287.     Plaintiffs    Joseph    Schwartz,    Rosie    Schwartz,    and    Rosemont    Care    and

Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rosemont, LP; and GGNSC Rosemont, respectively.

288.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP in an amount exceeding $ 75,000.

### COUNT 12
### NEGLIGENT MISREPRESENTATION – ROSEMONT

289.    Plaintiffs incorporate by reference paragraphs 1 through 212.

290.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 35 Rosemont Avenue, Rosemont, Pennsylvania.

291.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP made misrepresentations of material facts, without reasonable care.

292.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

293.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP knew that the

misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC in determining whether to lease the facilities.

294.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rosemont, LP and GGNSC Rosemont, respectively.

295.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Rosemont Care and Rehabilitation, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rosemont, LP; and GGNSC Rosemont, LP's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 13
### FRAUDULENT MISREPRESENTATION – STENTON

296.    Plaintiffs incorporate by reference paragraphs 1 through 212.

297.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 7310 Stenton Avenue, Philadelphia, Pennsylvania.

298.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP was false when it was made.

299.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

300.   The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC would rely upon them in determining whether to lease the facilities.

301.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Philadelphia, LP and GGNSC Philadelphia, LP, respectively.

302.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP in an amount exceeding $ 75,000.

## COUNT 14
### NEGLIGENT MISREPRESENTATION – STENTON

303.   Plaintiffs incorporate by reference paragraphs 1 through 212.

304.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 7310 Stenton Avenue, Philadelphia, Pennsylvania.

305.   The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP made

misrepresentations of material facts, without reasonable care.

306.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

307.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC in determining whether to lease the facilities.

308.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Philadelphia, LP and GGNSC Philadelphia, LP, respectively.

309.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Stenton Care and Rehabilitation, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Philadelphia, LP; and GGNSC Philadelphia, LP's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 15
### FRAUDULENT MISREPRESENTATION – BROKEN BOW

310.    Plaintiffs incorporate by reference paragraphs 1 through 212.

311.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Broken Bow, LLC; and GGNSC Broken Bow, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC regarding the recent financial history of the

nursing home facility located at 224 East South E Street, Broken Bow, Nebraska.

312.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Broken Bow, LLC; and GGNSC Broken Bow, LLC was false when it was made.

313.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Broken Bow, LLC; and GGNSC Broken Bow, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

314.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

315.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Broken Bow, LLC and GGNSC Broken Bow, LLC, respectively.

316.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Broken Bow, LLC; and GGNSC Broken Bow, LLC in an amount exceeding $ 75,000.

### COUNT 16
### NEGLIGENT MISREPRESENTATION – BROKEN BOW

317.    Plaintiffs incorporate by reference paragraphs 1 through 212.

318.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services,

LLC; GPH Broken Bow, LLC; and GGNSC Broken Bow, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 224 East South E Street, Broken Bow, Nebraska.

319.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Broken Bow, LLC; and GGNSC Broken Bow, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

320.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Broken Bow, LLC; and GGNSC Broken Bow, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

321.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Broken Bow, LLC and GGNSC Broken Bow, LLC, respectively.

322.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Broken Bow Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Broken Bow, LLC; and GGNSC Broken Bow, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

COUNT 17
FRAUDULENT MISREPRESENTATION – COLUMBUS

323.    Plaintiffs incorporate by reference paragraphs 1 through 212.

324.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Columbus, LLC; and GGNSC Columbus, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 2855 40th Avenue, Columbus, Nebraska.

325.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Columbus, LLC; and GGNSC Columbus, LLC was false when it was made.

326.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Columbus, LLC; and GGNSC Columbus, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

327.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

328.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Columbus, LLC; and GGNSC Columbus, LLC, respectively.

329.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Columbus, LLC;

and GGNSC Columbus, LLC in an amount exceeding $ 75,000.

**COUNT 18**
**NEGLIGENT MISREPRESENTATION – COLUMBUS**

330.     Plaintiffs incorporate by reference paragraphs 1 through 212.

331.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Columbus, LLC; and GGNSC Columbus, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 2855 40th Avenue, Columbus, Nebraska.

332.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Columbus, LLC; and GGNSC Columbus, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

333.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Columbus, LLC; and GGNSC Columbus, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

334.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Columbus, LLC and GGNSC Columbus, LLC, respectively.

335.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Columbus Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva;

GGNSC Administrative Services, LLC; GPH Columbus, LLC; and GGNSC Columbus, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 19
### FRAUDULENT MISREPRESENTATION – COZAD

336.    Plaintiffs incorporate by reference paragraphs 1 through 212.

337.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cozad, LLC; and GGNSC Cozad, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 318 West 18th Street, Cozad, Nebraska.

338.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cozad, LLC; and GGNSC Cozad, LLC was false when it was made.

339.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cozad, LLC; and GGNSC Cozad, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

340.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

341.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Cozad, LLC and GGNSC Cozad, LLC, respectively.

342.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cozad, LLC; and GGNSC Cozad, LLC in an amount exceeding $ 75,000.

**COUNT 20**
**NEGLIGENT MISREPRESENTATION – COZAD**

343.     Plaintiffs incorporate by reference paragraphs 1 through 212.

344.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cozad, LLC; and GGNSC Cozad, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 318 West 18th Street, Cozad, Nebraska.

345.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cozad, LLC; and GGNSC Cozad, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

346.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cozad, LLC; and GGNSC Cozad, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation Center, LLC _ in determining whether to lease the facilities.

347.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Cozad, LLC and GGNSC Cozad, LLC, respectively.

348.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Cozad Care and Rehabilitation

Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cozad, LLC; and GGNSC Cozad, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 21**
**FRAUDULENT MISREPRESENTATION – FRANKLIN**

349.   Plaintiffs incorporate by reference paragraphs 1 through 212.

350.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Franklin III, LLC; and GGNSC Franklin III, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1006 M Street, Franklin, Nebraska.

351.   The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Franklin III, LLC; and GGNSC Franklin III, LLC was false when it was made.

352.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Franklin III, LLC; and GGNSC Franklin III, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

353.   The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

354.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement

with Defendants GPH Franklin III, LLC and GGNSC Franklin III, LLC, respectively.

355.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Franklin III, LLC; and GGNSC Franklin III, LLC in an amount exceeding $ 75,000.v

### COUNT 22
### NEGLIGENT MISREPRESENTATION – FRANKLIN

356.    Plaintiffs incorporate by reference paragraphs 1 through 212.

357.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Franklin III, LLC; and GGNSC Franklin III, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1006 M Street, Franklin, Nebraska.

358.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Franklin III, LLC; and GGNSC Franklin III, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

359.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Franklin III, LLC; and GGNSC Franklin III, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

360.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement

with Defendants GPH Franklin III, LLC and GGNSC Franklin III, LLC, respectively.

361.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Franklin Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Franklin III, LLC; and GGNSC Franklin III, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 23
### FRAUDULENT MISREPRESENTATION – FULLERTON

362.    Plaintiffs incorporate by reference paragraphs 1 through 212.

363.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Fullerton, LLC and GGNSC Fullerton, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 202 North Esther, Fullerton, Nebraska.

364.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Fullerton, LLC; and GGNSC Fullerton, LLC was false when it was made.

365.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Fullerton, LLC; and GGNSC Fullerton, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

366.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

367.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Fullerton, LLC and GGNSC Fullerton, LLC, respectively.

368.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Fullerton, LLC; and GGNSC Fullerton, LLC in an amount exceeding $ 75,000.

## COUNT 24
### NEGLIGENT MISREPRESENTATION – FULLERTON

369.     Plaintiffs incorporate by reference paragraphs 1 through 212.

370.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Fullerton, LLC; and GGNSC Fullerton, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 202 North Esther, Fullerton, Nebraska.

371.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Fullerton, LLC; and GGNSC Fullerton, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

372.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Fullerton, LLC; and GGNSC Fullerton, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

373.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Fullerton, LLC and GGNSC Fullerton, LLC, respectively.

374.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Fullerton Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Fullerton, LLC; and GGNSC Fullerton, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 25**
**FRAUDULENT MISREPRESENTATION – GRAND ISLAND LAKEVIEW**

375.    Plaintiffs incorporate by reference paragraphs 1 through 212.

376.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Lakeview, LLC; and GGNSC Grand Island Lakeview, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1405 West Highway 34, Grand Island, Nebraska.

377.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Lakeview, LLC; and GGNSC Grand Island Lakeview, LLC was false when it was made.

378.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Lakeview, LLC; and GGNSC Grand Island Lakeview, LLC knew at that time that the financial statements were false and/or were made recklessly without

knowledge of its truth.

379. The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

380. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Grand Island Lakeview, LLC and GGNSC Grand Island Lakeview, LLC, respectively.

381. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Lakeview, LLC; and GGNSC Grand Island Lakeview, LLC in an amount exceeding $ 75,000.

**COUNT 26**
**NEGLIGENT MISREPRESENTATION – GRAND ISLAND LAKEVIEW**

382. Plaintiffs incorporate by reference paragraphs 1 through 212.

383. Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Lakeview, LLC; and GGNSC Grand Island Lakeview, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1405 West Highway 34, Grand Island, Nebraska.

384. Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Lakeview, LLC; and GGNSC Grand Island Lakeview, LLC

knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

385.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Lakeview, LLC; and GGNSC Grand Island Lakeview, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

386.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Grand Island Lakeview, LLC and GGNSC Grand Island Lakeview, LLC, respectively.

387.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Lakeview Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Lakeview, LLC; and GGNSC Grand Island Lakeview, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 27**
**FRAUDULENT MISREPRESENTATION – GRAND ISLAND PARK PLACE**

388.    Plaintiffs incorporate by reference paragraphs 1 through 212.

389.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Park Place, LLC; and GGNSC Grand Island Park Place, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 610 North Darr Avenue, Grand

Island, Nebraska.

390.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Park Place, LLC; and GGNSC Grand Island Park Place, LLC was false when it was made.

391.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Park Place, LLC; and GGNSC Grand Island Park Place, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

392.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

393.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Grand Island Park Place, LLC and GGNSC Grand Island Park Place, LLC, respectively.

394.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Park Place, LLC; and GGNSC Grand Island Park Place, LLC in an amount exceeding $ 75,000.

## COUNT 28
### NEGLIGENT MISREPRESENTATION – GRAND ISLAND PARK PLACE

395.    Plaintiffs incorporate by reference paragraphs 1 through 212.

396.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Park Place, LLC; and GGNSC Grand Island Park Place, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 610 North Darr Avenue, Grand Island, Nebraska.

397.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Park Place, LLC; and GGNSC Grand Island Park Place, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

398.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Park Place, LLC; and GGNSC Grand Island Park Place, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

399.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Grand Island Park Place, LLC and GGNSC Grand Island Park Place, LLC, respectively.

400.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Grand Island Park Place Care

and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Grand Island Park Place, LLC; and GGNSC Grand Island Park Place, LLC's misrepresentations of material facts in an amount exceeding $75,000.

## COUNT 29
### FRAUDULENT MISREPRESENTATION – HARTINGTON

401.    Plaintiffs incorporate by reference paragraphs 1 through 212.

402.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Hartington, LLC; and GGNSC Hartington, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 401 Darlene Street, Harington, Nebraska.

403.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Hartington, LLC; and GGNSC Hartington, LLC was false when it was made.

404.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Hartington, LLC; and GGNSC Hartington, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

405.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and Rehabilitation, LLC would rely upon them in determining whether to lease the facilities.

406.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and

Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Hartington, LLC and GGNSC Hartington, LLC, respectively.

407.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and Rehabilitation, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Hartington, LLC; and GGNSC Hartington, LLC in an amount exceeding $ 75,000.

## COUNT 30
### NEGLIGENT MISREPRESENTATION – HARTINGTON

408.    Plaintiffs incorporate by reference paragraphs 1 through 212.

409.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Hartington, LLC; and GGNSC Hartington, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 401 Darlene Street, Harington, Nebraska.

410.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Hartington, LLC; and GGNSC Hartington, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

411.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Hartington, LLC; and GGNSC Hartington, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and Rehabilitation, LLC in determining whether to lease the facilities.

412.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and

Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Hartington, LLC and GGNSC Hartington, LLC, respectively.

413.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Hartington Care and Rehabilitation, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Hartington, LLC; and GGNSC Hartington, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 31**
**FRAUDULENT MISREPRESENTATION – NEBRASKA CITY**

414.    Plaintiffs incorporate by reference paragraphs 1 through 212.

415.    v Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Nebraska City, LLC; and GGNSC Nebraska City, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1420 North 10th Street, Nebraska City, Nebraska.

416.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Nebraska City, LLC; and GGNSC Nebraska City, LLC was false when it was made.

417.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Nebraska City, LLC; and GGNSC Nebraska City, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

418.    The financial statements were prepared and distributed with the intention that

- 107 -

Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

419.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Nebraska City, LLC and GGNSC Nebraska City, LLC, respectively.

420.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Nebraska City, LLC; and GGNSC Nebraska City, LLC in an amount exceeding $ 75,000.

## COUNT 32
## NEGLIGENT MISREPRESENTATION – NEBRASKA CITY

421.    Plaintiffs incorporate by reference paragraphs 1 through 212.

422.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Nebraska City, LLC; and GGNSC Nebraska City, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1420 North 10th Street, Nebraska City, Nebraska.

423.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Nebraska City, LLC; and GGNSC Nebraska City, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

424.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Nebraska City, LLC; and GGNSC Nebraska City, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

425.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Nebraska City, LLC and GGNSC Nebraska City, LLC, respectively.

426.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Nebraska City Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Nebraska City, LLC; and GGNSC Nebraska City, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 33
### FRAUDULENT MISREPRESENTATION – NELIGH

427.    Plaintiffs incorporate by reference paragraphs 1 through 212.

428.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neligh, LLC; and GGNSC Neligh, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1100 North T Street, Neligh, Nebraska.

429.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neligh, LLC; and GGNSC Neligh, LLC was false

when it was made.

430.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neligh, LLC; and GGNSC Neligh, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

431.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

432.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Neligh, LLC and GGNSC Neligh, LLC, respectively.

433.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neligh, LLC; and GGNSC Neligh, LLC in an amount exceeding $ 75,000.

## COUNT 34
### NEGLIGENT MISREPRESENTATION – NELIGH

434.    Plaintiffs incorporate by reference paragraphs 1 through 212.

435.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neligh, LLC; and GGNSC Neligh, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1100 North T Street, Neligh, Nebraska.

436.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Neligh, LLC; and GGNSC Neligh, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

437.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neligh, LLC; and GGNSC Neligh, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

438.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Neligh, LLC and GGNSC Neligh, LLC, respectively.

439.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neligh Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neligh, LLC; and GGNSC Neligh, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 35
### FRAUDULENT MISREPRESENTATION – NORFOLK

440.    Plaintiffs incorporate by reference paragraphs 1 through 212.

441.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Norfolk Valley View, LLC; and GGNSC Norfolk Valley View, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Norfolk Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1900 Vicki Lane, Norfolk, Nebraska.

442.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Norfolk Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva;

GGNSC Administrative Services, LLC; GPH Norfolk Valley View, LLC; and GGNSC Norfolk Valley View, LLC was false when it was made.

443.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Norfolk Valley View, LLC and GGNSC Norfolk Valley View, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

444.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Norfolk Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

445.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Norfolk Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Norfolk Valley View, LLC and GGNSC Norfolk Valley View, LLC, respectively.

446.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Norfolk Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Norfolk Valley View, LLC and GGNSC Norfolk Valley View, LLC in an amount exceeding $ 75,000.

## COUNT 36
### NEGLIGENT MISREPRESENTATION – NORFOLK

447.    Plaintiffs incorporate by reference paragraphs 1 through 212.

448.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Norfolk Valley View, LLC; and GGNSC Norfolk Valley View, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie

Schwartz, and Norfolk Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1900 Vicki Lane, Norfolk, Nebraska.

449.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Norfolk Valley View, LLC; and GGNSC Norfolk Valley View, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

450.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Norfolk Valley View, LLC; and GGNSC Norfolk Valley View, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Norfolk Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

451.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Norfolk Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Norfolk Valley View, LLC and GGNSC Norfolk Valley View, LLC, respectively.

452.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Norfolk Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Norfolk Valley View, LLC; and GGNSC Norfolk Valley View, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 37
### FRAUDULENT MISREPRESENTATION – OMAHA METRO

453.    Plaintiffs incorporate by reference paragraphs 1 through 212.

454.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services,

LLC; GPH Omaha Hallmark, LLC; and GGNSC Omaha Hallmark, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 5505 Grover Street, Omaha, Nebraska.

455.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Hallmark, LLC; and GGNSC Omaha Hallmark, LLC was false when it was made.

456.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Hallmark, LLC; and GGNSC Omaha Hallmark, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

457.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

458.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Omaha Hallmark, LLC and GGNSC Omaha Hallmark, LLC, respectively.

459.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Hallmark,

LLC; and GGNSC Omaha Hallmark, LLC in an amount exceeding $ 75,000.

COUNT 38<br>NEGLIGENT MISREPRESENTATION – OMAHA METRO

460.    Plaintiffs incorporate by reference paragraphs 1 through 212.

461.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Hallmark, LLC; and GGNSC Omaha Hallmark, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 5505 Grover Street, Omaha, Nebraska.

462.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Hallmark, LLC; and GGNSC Omaha Hallmark, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

463.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Hallmark, LLC; and GGNSC Omaha Hallmark, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

464.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Omaha Hallmark, LLC and GGNSC Omaha Hallmark, LLC, respectively.

465.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Omaha Metro Care and

Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Hallmark, LLC; and GGNSC Omaha Hallmark, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 39**
**FRAUDULENT MISREPRESENTATION – SORENSEN**

466.    Plaintiffs incorporate by reference paragraphs 1 through 212.

467.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Oak Grove, LLC; and GGNSC Omaha Oak Grove, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 4809 Redman Avenue, Omaha, Nebraska.

468.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Oak Grove, LLC; and GGNSC Omaha Oak Grove, LLC was false when it was made.

469.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Oak Grove, LLC; and GGNSC Omaha Oak Grove, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

470.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

471.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation

Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Omaha Oak Grove, LLC and GGNSC Omaha Oak Grove, LLC, respectively.

472.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Oak Grove, LLC; and GGNSC Omaha Oak Grove, LLC in an amount exceeding $ 75,000.

### COUNT 40
### NEGLIGENT MISREPRESENTATION – SORENSEN

473.    Plaintiffs incorporate by reference paragraphs 1 through 212.

474.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Oak Grove, LLC; and GGNSC Omaha Oak Grove, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 4809 Redman Avenue, Omaha, Nebraska.

475.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Oak Grove, LLC; and GGNSC Omaha Oak Grove, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

476.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Oak Grove, LLC; and GGNSC Omaha Oak Grove, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation Center, LLC in determining

whether to lease the facilities.

477.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Omaha Oak Grove, LLC and GGNSC Omaha Oak Grove, LLC, respectively.

478.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sorensen Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Omaha Oak Grove, LLC; and GGNSC Omaha Oak Grove, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 41
### FRAUDULENT MISREPRESENTATION – O'NEILL

479.     Plaintiffs incorporate by reference paragraphs 1 through 212.

480.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH O'Neill, LLC; and GGNSC O'Neill, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1102 North Harrison, O'Neill, Nebraska.

481.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH O'Neill, LLC; and GGNSC O'Neill, LLC was false when it was made.

482.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH O'Neill, LLC; and GGNSC O'Neill, LLC knew at that time that the

financial statements were false and/or were made recklessly without knowledge of its truth.

483.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

484.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH O'Neill, LLC and GGNSC O'Neill, LLC, respectively.

485.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH O'Neill, LLC; and GGNSC O'Neill, LLC in an amount exceeding $ 75,000.

## COUNT 42
### NEGLIGENT MISREPRESENTATION – O'NEILL

486.    Plaintiffs incorporate by reference paragraphs 1 through 212.

487.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH O'Neill, LLC; and GGNSC O'Neill, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1102 North Harrison, O'Neill, Nebraska.

488.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH O'Neill, LLC; and GGNSC O'Neill, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

489.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH O'Neill, LLC; and GGNSC O'Neill, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

490.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH O'Neill, LLC and GGNSC O'Neill, LLC, respectively.

491.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and O'Neill Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH O'Neill, LLC; and GGNSC O'Neill, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 43
### FRAUDULENT MISREPRESENTATION – PLATTSMOUTH

492.    Plaintiffs incorporate by reference paragraphs 1 through 212.

493.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Plattsmouth, LLC; and GGNSC Plattsmouth, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 602 South 18th Street, Plattsmouth, Nebraska.

494.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Plattsmouth, LLC; and GGNSC Plattsmouth, LLC was false when it was made.

495.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Plattsmouth, LLC; and GGNSC Plattsmouth, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

496.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

497.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Plattsmouth, LLC and GGNSC Plattsmouth, LLC, respectively.

498.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Plattsmouth, LLC; and GGNSC Plattsmouth, LLC in an amount exceeding $ 75,000.

## COUNT 44
## NEGLIGENT MISREPRESENTATION – PLATTSMOUTH

499.    Plaintiffs incorporate by reference paragraphs 1 through 212.

500.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Plattsmouth, LLC; and GGNSC Plattsmouth, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 602 South 18th Street, Plattsmouth, Nebraska.

501.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Plattsmouth, LLC; and GGNSC Plattsmouth, LLC knew that the financial

statements would be used as guidance by others in determining whether to lease the facilities.

502.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Plattsmouth, LLC; and GGNSC Plattsmouth, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

503.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Plattsmouth, LLC and GGNSC Plattsmouth, LLC, respectively.

504.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Plattsmouth Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Plattsmouth, LLC; and GGNSC Plattsmouth, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 45
### FRAUDULENT MISREPRESENTATION – SCHUYLER

505.    Plaintiffs incorporate by reference paragraphs 1 through 212.

506.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Schuyler, LLC; and GGNSC Schuyler, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Schuyler Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 2023 Colfax Avenue, Schuyler, Nebraska.

507.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and

Schuyler Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Schuyler, LLC; and GGNSC Schuyler, LLC was false when it was made.

508.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Schuyler, LLC; and GGNSC Schuyler, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

509.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Schuyler Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

510.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Schuyler Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Schuyler, LLC and GGNSC Schuyler, LLC, respectively.

511.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Schuyler Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Schuyler, LLC; and GGNSC Schuyler, LLC in an amount exceeding $ 75,000.

### COUNT 46
### NEGLIGENT MISREPRESENTATION – SCHUYLER

512.    Plaintiffs incorporate by reference paragraphs 1 through 212.

513.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Schuyler, LLC; and GGNSC Schuyler, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Schuyler Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home

facility located at 2023 Colfax Avenue, Schuyler, Nebraska.

514.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Schuyler, LLC; and GGNSC Schuyler, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

515.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Schuyler, LLC; and GGNSC Schuyler, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Schuyler Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

516.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Schuyler Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Schuyler, LLC and GGNSC Schuyler, LLC, respectively.

517.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Schuyler Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Schuyler, LLC; and GGNSC Schuyler, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 47
### FRAUDULENT MISREPRESENTATION – SCOTTSBLUFF

518.     Plaintiffs incorporate by reference paragraphs 1 through 212.

519.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC regarding the recent financial history of the

nursing home facility located at 111 West 6th Street, Scottsbluff, Nebraska.

520.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC was false when it was made.

521.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

522.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

523.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC, respectively.

524.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC in an amount exceeding $ 75,000.

### COUNT 48
### NEGLIGENT MISREPRESENTATION – SCOTTSBLUFF

525.    Plaintiffs incorporate by reference paragraphs 1 through 212.

526.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services,

LLC; GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 111 West 6th Street, Scottsbluff, Nebraska.

527.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

528.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

529.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC, respectively.

530.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Scottsbluff Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Scottsbluff, LLC; and GGNSC Scottsbluff, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 49
### FRAUDULENT MISREPRESENTATION – SIDNEY

531.    Plaintiffs incorporate by reference paragraphs 1 through 212.

532.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sidney, LLC; and GGNSC Sidney, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1435 Toledo Street, Sidney, Nebraska.

533.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sidney, LLC; and GGNSC Sidney, LLC was false when it was made.

534.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sidney, LLC; and GGNSC Sidney, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

535.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

536.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Sidney, LLC and GGNSC Sidney, LLC, respectively.

537.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sidney, LLC; and GGNSC Sidney, LLC in an amount exceeding $ 75,000.

**COUNT 50**
**NEGLIGENT MISREPRESENTATION – SIDNEY**

538.    Plaintiffs incorporate by reference paragraphs 1 through 212.

539.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sidney, LLC; and GGNSC Sidney, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1435 Toledo Street, Sidney, Nebraska.

540.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sidney, LLC; and GGNSC Sidney, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

541.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sidney, LLC; and GGNSC Sidney, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

542.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Sidney, LLC and GGNSC Sidney, LLC, respectively.

543.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Sidney Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sidney, LLC; and GGNSC Sidney, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 51
### FRAUDULENT MISREPRESENTATION – TEKAMAH

544.    Plaintiffs incorporate by reference paragraphs 1 through 212.

545.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Tekamah, LLC; and GGNSC Tekamah, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 823 M Street, Tekamah, Nebraska.

546.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Tekamah, LLC; and GGNSC Tekamah, LLC was false when it was made.

547.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Tekamah, LLC; and GGNSC Tekamah, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

548.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

549.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Tekamah, LLC and GGNSC Tekamah, LLC, respectively.

550.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and

Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Tekamah, LLC; and GGNSC Tekamah, LLC in an amount exceeding $ 75,000.

**COUNT 52**
**NEGLIGENT MISREPRESENTATION – TEKAMAH**

551.    Plaintiffs incorporate by reference paragraphs 1 through 212.

552.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Tekamah, LLC; and GGNSC Tekamah, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 823 M Street, Tekamah, Nebraska.

553.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Tekamah, LLC; and GGNSC Tekamah, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

554.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Tekamah, LLC and GGNSC Tekamah, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

555.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Tekamah, LLC and GGNSC Tekamah, LLC, respectively.

556.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Tekamah Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Tekamah, LLC; and GGNSC Tekamah, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 53
### FRAUDULENT MISREPRESENTATION – WAUSA

557.    Plaintiffs incorporate by reference paragraphs 1 through 212.

558.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wausa, LLC; and GGNSC Wausa, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 703 South Vivian Street, Wausa, Nebraska.

559.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wausa, LLC; and GGNSC Wausa, LLC was false when it was made.

560.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wausa, LLC; and GGNSC Wausa, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

561.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

562.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation

Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Wausa, LLC and GGNSC Wausa, LLC, respectively.

563.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wausa, LLC; and GGNSC Wausa, LLC in an amount exceeding $ 75,000.

### COUNT 54
### NEGLIGENT MISREPRESENTATION – WAUSA

564.    Plaintiffs incorporate by reference paragraphs 1 through 212.

565.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wausa, LLC; and GGNSC Wausa, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 703 South Vivian Street, Wausa, Nebraska.

566.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wausa, LLC; and GGNSC Wausa, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

567.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wausa, LLC; and GGNSC Wausa, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

568.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement

with Defendants GPH Wausa, LLC and GGNSC Wausa, LLC, respectively.

569.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wausa Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wausa, LLC; and GGNSC Wausa, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

COUNT 55
FRAUDULENT MISREPRESENTATION – CHASE COUNTY

570.    Plaintiffs incorporate by reference paragraphs 1 through 212.

571.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 612 Walnut Street, Cottonwood Falls, Kansas.

572.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC was false when it was made.

573.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

574.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

575.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC, respectively.

576.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC in an amount exceeding $ 75,000.

## COUNT 56
### NEGLIGENT MISREPRESENTATION – CHASE COUNTY

577.     Plaintiffs incorporate by reference paragraphs 1 through 212.

578.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 612 Walnut Street, Cottonwood Falls, Kansas.

579.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

580.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC in

determining whether to lease the facilities.

581.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Cottonwood, LLC and GGNSC Cottonwood, LLC, respectively.

582.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Chase County Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Cottonwood, LLC; and GGNSC Cottonwood, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 57
### FRAUDULENT MISREPRESENTATION – DOWNS

583.    Plaintiffs incorporate by reference paragraphs 1 through 212.

584.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Downs, LLC; and GGNSC Downs, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1218 Kansas Street, Downs, Kansas.

585.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Downs, LLC; and GGNSC Downs, LLC was false when it was made.

586.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Downs, LLC; and GGNSC Downs, LLC knew at that time that the financial

statements were false and/or were made recklessly without knowledge of its truth.

587.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

588.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Downs, LLC and GGNSC Downs, LLC, respectively.

589.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Downs, LLC; and GGNSC Downs, LLC in an amount exceeding $ 75,000.

### COUNT 58
### NEGLIGENT MISREPRESENTATION – DOWNS

590.    Plaintiffs incorporate by reference paragraphs 1 through 212.

591.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Downs, LLC; and GGNSC Downs, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1218 Kansas Street, Downs, Kansas.

592.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Downs, LLC; and GGNSC Downs, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

593.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Downs, LLC and GGNSC Downs, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

594.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Downs, LLC and GGNSC Downs, LLC, respectively.

595.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Downs Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Downs, LLC; and GGNSC Downs, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 59**
**FRAUDULENT MISREPRESENTATION – EDWARDSVILLE**

596.    Plaintiffs incorporate by reference paragraphs 1 through 212.

597.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville III, LLC; and GGNSC Edwardsville III, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 751 Blake Street, Edwardsville, Kansas.

598.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville III, LLC; and GGNSC Edwardsville III, LLC was false when it was made.

599.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Edwardsville III, LLC; and GGNSC Edwardsville III, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

600. The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

601. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Edwardsville III, LLC and GGNSC Edwardsville III, LLC, respectively.

602. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville III, LLC; and GGNSC Edwardsville III, LLC in an amount exceeding $ 75,000.

## COUNT 60
### NEGLIGENT MISREPRESENTATION – EDWARDSVILLE

603. Plaintiffs incorporate by reference paragraphs 1 through 212.

604. Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville III, LLC; and GGNSC Edwardsville III, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 751 Blake Street, Edwardsville, Kansas.

605. Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Edwardsville III, LLC; and GGNSC Edwardsville III, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

606.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville III, LLC; and GGNSC Edwardsville III, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

607.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Edwardsville III, LLC and GGNSC Edwardsville III, LLC, respectively.

608.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Edwardsville Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville III, LLC; and GGNSC Edwardsville III, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 61
### FRAUDULENT MISREPRESENTATION – KAW RIVER

609.    Plaintiffs incorporate by reference paragraphs 1 through 212.

610.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville II, LLC ; and GGNSC Edwardsville II, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC regarding the recent financial

history of the nursing home facility located at 750 Blake Street, Edwardsville, Kansas.

611.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville II, LLC; and GGNSC Edwardsville II, LLC was false when it was made.

612.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville II, LLC; and GGNSC Edwardsville II, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

613.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

614.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Edwardsville II, LLC and GGNSC Edwardsville II, LLC, respectively.

615.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville II, LLC; and GGNSC Edwardsville II, LLC in an amount exceeding $ 75,000.

### COUNT 62
### NEGLIGENT MISREPRESENTATION – KAW RIVER

616.    Plaintiffs incorporate by reference paragraphs 1 through 212.

617.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville II, LLC; and GGNSC Edwardsville II, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 750 Blake Street, Edwardsville, Kansas.

618.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville II, LLC; and GGNSC Edwardsville II, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

619.   Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville II, LLC; and GGNSC Edwardsville II, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

620.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Edwardsville II, LLC and GGNSC Edwardsville II, LLC, respectively.

621.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Kaw River Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville II, LLC; and GGNSC Edwardsville II, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 63**
**FRAUDULENT MISREPRESENTATION – EL DORADO**

622.    Plaintiffs incorporate by reference paragraphs 1 through 212.

623.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH El Dorado II, LLC; and GGNSC El Dorado II, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 900 Country Club Lane, El Dorado, Kansas.

624.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH El Dorado II, LLC; and GGNSC El Dorado II, LLC was false when it was made.

625.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH El Dorado II, LLC; and GGNSC El Dorado II, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

626.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

627.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH El Dorado II, LLC and GGNSC El Dorado II, LLC, respectively.

628.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and

Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH El Dorado II, LLC; and GGNSC El Dorado II, LLC in an amount exceeding $ 75,000.

**COUNT 64**
**NEGLIGENT MISREPRESENTATION – EL DORADO**

629.     Plaintiffs incorporate by reference paragraphs 1 through 212.

630.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH El Dorado II, LLC; and GGNSC El Dorado II, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 900 Country Club Lane, El Dorado, Kansas.

631.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH El Dorado II, LLC; and GGNSC El Dorado II, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

632.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH El Dorado II, LLC; and GGNSC El Dorado II, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

633.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH El Dorado II, LLC and GGNSC El Dorado II, LLC, respectively.

634.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and El Dorado Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH El Dorado II, LLC; and GGNSC El Dorado II, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 65
### FRAUDULENT MISREPRESENTATION – ESKIDGE

635.     Plaintiffs incorporate by reference paragraphs 1 through 212.

636.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Eskridge, LLC; and GGNSC Eskridge, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 505 North Main Street, Eskridge, Kansas.

637.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Eskridge, LLC; and GGNSC Eskridge, LLC was false when it was made.

638.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Eskridge, LLC; and GGNSC Eskridge, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

639.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

640.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation

Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Eskridge, LLC and GGNSC Eskridge, LLC, respectively.

641.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Eskridge, LLC; and GGNSC Eskridge, LLC in an amount exceeding $ 75,000.

**COUNT 66**
**NEGLIGENT MISREPRESENTATION – ESKRIDGE**

642.    Plaintiffs incorporate by reference paragraphs 1 through 212.

643.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Eskridge, LLC and GGNSC Eskridge, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 505 North Main Street, Eskridge, Kansas.

644.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Eskridge, LLC; and GGNSC Eskridge, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

645.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Eskridge, LLC; and GGNSC Eskridge, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

646.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation

Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Eskridge, LLC and GGNSC Eskridge, LLC, respectively.

647.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Eskridge Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Eskridge, LLC; and GGNSC Eskridge, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 67
### FRAUDULENT MISREPRESENTATION – LANSING

648.    Plaintiffs incorporate by reference paragraphs 1 through 212.

649.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansing, LLC; and GGNSC Lansing, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 210 Plaza Lane, Lansing, Kansas.

650.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansing, LLC; and GGNSC Lansing, LLC was false when it was made.

651.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansing, LLC; and GGNSC Lansing, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

652.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC

would rely upon them in determining whether to lease the facilities.

653.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lansing, LLC and GGNSC Lansing, LLC, respectively.

654.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansing, LLC; and GGNSC Lansing, LLC in an amount exceeding $ 75,000.

### COUNT 68
### NEGLIGENT MISREPRESENTATION – LANSING

655.    Plaintiffs incorporate by reference paragraphs 1 through 212.

656.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansing, LLC; and GGNSC Lansing, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 210 Plaza Lane, Lansing, Kansas.

657.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansing, LLC; and GGNSC Lansing, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

658.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansing, LLC; and GGNSC Lansing, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC in determining

whether to lease the facilities.

659.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lansing, LLC and GGNSC Lansing, LLC, respectively.

660.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lansing Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lansing, LLC; and GGNSC Lansing, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 69
### FRAUDULENT MISREPRESENTATION – PARKWAY

661.    Plaintiffs incorporate by reference paragraphs 1 through 212.

662.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville Parkway, LLC; and GGNSC Edwardsville Parkway, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 749 Blake Street, Edwardsville, Kansas.

663.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville Parkway, LLC; and GGNSC Edwardsville Parkway, LLC was false when it was made.

664.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville Parkway, LLC; and GGNSC Edwardsville Parkway, LLC knew at that time that the financial statements were false and/or were made recklessly without

knowledge of its truth.

665.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

666.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Edwardsville Parkway, LLC and GGNSC Edwardsville Parkway, LLC, respectively.

667.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville Parkway, LLC; and GGNSC Edwardsville Parkway, LLC in an amount exceeding $ 75,000.

## COUNT 70
### NEGLIGENT MISREPRESENTATION – PARKWAY

668.    Plaintiffs incorporate by reference paragraphs 1 through 212.

669.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville Parkway, LLC; and GGNSC Edwardsville Parkway, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 749 Blake Street, Edwardsville, Kansas.

670.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville Parkway, LLC and GGNSC Edwardsville Parkway, LLC knew that the financial statements would be used as guidance by others in determining whether

to lease the facilities.

671.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville Parkway, LLC; and GGNSC Edwardsville Parkway, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

672.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Edwardsville Parkway, LLC and GGNSC Edwardsville Parkway, LLC, respectively.

673.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Parkway Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Edwardsville Parkway, LLC; and GGNSC Edwardsville Parkway, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 71
### FRAUDULENT MISREPRESENTATION – NEODESHA

674.    Plaintiffs incorporate by reference paragraphs 1 through 212.

675.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neodesha, LLC; and GGNSC Neodesha, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neodesha Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1626 North Eighth Street, Neodesha, Kansas.

676.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and

Neodesha Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neodesha, LLC; and GGNSC Neodesha, LLC was false when it was made.

677.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neodesha, LLC and GGNSC Neodesha, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

678.   The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neodesha Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

679.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neodesha Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Neodesha, LLC and GGNSC Neodesha, LLC, respectively.

680.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neodesha Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neodesha, LLC; and GGNSC Neodesha, LLC in an amount exceeding $ 75,000.

### COUNT 72
### NEGLIGENT MISREPRESENTATION – NEODESHA

681.   Plaintiffs incorporate by reference paragraphs 1 through 212.

682.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neodesha, LLC; and GGNSC Neodesha, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neodesha

Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1626 North Eighth Street, Neodesha, Kansas.

683. Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neodesha, LLC; and GGNSC Neodesha, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

684. Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neodesha, LLC; and GGNSC Neodesha, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neodesha Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

685. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neodesha Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Neodesha, LLC and GGNSC Neodesha, LLC, respectively.

686. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Neodesha Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Neodesha, LLC; and GGNSC Neodesha, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 73
### FRAUDULENT MISREPRESENTATION – PITTSBURG

687. Plaintiffs incorporate by reference paragraphs 1 through 212.

688. Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pittsburg, LLC; and GGNSC Pittsburg, LLC, through their agent Houlihan Lokey,

made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1005 East Centennial Drive, Pittsburg, Kansas.

689.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pittsburg, LLC; and GGNSC Pittsburg, LLC was false when it was made.

690.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pittsburg, LLC; and GGNSC Pittsburg, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

691.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

692.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Pittsburg, LLC and GGNSC Pittsburg, LLC, respectively.

693.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pittsburg, LLC; and GGNSC Pittsburg, LLC in an amount exceeding $ 75,000.

### COUNT 74
### NEGLIGENT MISREPRESENTATION – PITTSBURG

694.     Plaintiffs incorporate by reference paragraphs 1 through 212.

695.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pittsburg, LLC; and GGNSC Pittsburg, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1005 East Centennial Drive, Pittsburg, Kansas.

696.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pittsburg, LLC; and GGNSC Pittsburg, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

697.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pittsburg, LLC; and GGNSC Pittsburg, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

698.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Pittsburg, LLC and GGNSC Pittsburg, LLC, respectively.

699.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pittsburg Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pittsburg, LLC; and GGNSC Pittsburg, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 75
### FRAUDULENT MISREPRESENTATION – SPRING HILL

700.    Plaintiffs incorporate by reference paragraphs 1 through 212.

701.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Spring Hill, LLC; and GGNSC Spring Hill, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 251 East Wilson Avenue, Spring Hill, Kansas.

702.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Spring Hill, LLC; and GGNSC Spring Hill, LLC was false when it was made.

703.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Spring Hill, LLC; and GGNSC Spring Hill, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

704.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

705.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Spring Hill, LLC and GGNSC Spring Hill, LLC, respectively.

706.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Spring Hill, LLC;

and GGNSC Spring Hill, LLC in an amount exceeding $ 75,000.

## COUNT 76
### NEGLIGENT MISREPRESENTATION – SPRING HILL

707.    Plaintiffs incorporate by reference paragraphs 1 through 212.

708.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Spring Hill, LLC; and GGNSC Spring Hill, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 251 East Wilson Avenue, Spring Hill, Kansas.

709.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Spring Hill, LLC; and GGNSC Spring Hill, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

710.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Spring Hill, LLC; and GGNSC Spring Hill, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

711.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Spring Hill, LLC and GGNSC Spring Hill, LLC, respectively.

712.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Spring Hill Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva;

GGNSC Administrative Services, LLC; GPH Spring Hill, LLC; and GGNSC Spring Hill, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 77**
**FRAUDULENT MISREPRESENTATION – WAKEFIELD**

713.    Plaintiffs incorporate by reference paragraphs 1 through 212.

714.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wakefield, LLC; and GGNSC Wakefield, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 509 Grove Street, Wakefield, Kansas.

715.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wakefield, LLC; and GGNSC Wakefield, LLC was false when it was made.

716.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wakefield, LLC; and GGNSC Wakefield, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

717.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

718.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Wakefield, LLC and GGNSC Wakefield, LLC,

- 157 -

respectively.

719.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wakefield, LLC; and GGNSC Wakefield, LLC in an amount exceeding $ 75,000.

**COUNT 78**
**NEGLIGENT MISREPRESENTATION – WAKEFIELD**

720.   Plaintiffs incorporate by reference paragraphs 1 through 212.

721.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wakefield, LLC; and GGNSC Wakefield, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 509 Grove Street, Wakefield, Kansas.

722.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wakefield, LLC; and GGNSC Wakefield, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

723.   Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wakefield, LLC; and GGNSC Wakefield, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

724.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and

lease agreement with Defendants GPH Wakefield, LLC and GGNSC Wakefield, LLC, respectively.

725.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wakefield Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wakefield, LLC; and GGNSC Wakefield, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 79**
**FRAUDULENT MISREPRESENTATION – WELLINGTON**

726.    Plaintiffs incorporate by reference paragraphs 1 through 212.

727.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wellington, LLC; and GGNSC Wellington, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 102 West Botkin Street, Wellington, Kansas.

728.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wellington, LLC; and GGNSC Wellington, LLC was false when it was made.

729.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wellington, LLC and GGNSC Wellington, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

730.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center,

LLC would rely upon them in determining whether to lease the facilities.

731.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Wellington, LLC and GGNSC Wellington, LLC, respectively.

732.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wellington, LLC; and GGNSC Wellington, LLC in an amount exceeding $ 75,000.

## COUNT 80
### NEGLIGENT MISREPRESENTATION – WELLINGTON

733.    Plaintiffs incorporate by reference paragraphs 1 through 212.

734.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wellington, LLC; and GGNSC Wellington, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 102 West Botkin Street, Wellington, Kansas.

735.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wellington, LLC; and GGNSC Wellington, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

736.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wellington, LLC; and GGNSC Wellington, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph

Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

737.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Wellington, LLC and GGNSC Wellington, LLC, respectively.

738.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wellington Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wellington, LLC; and GGNSC Wellington, LLC _'s misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 81**
**FRAUDULENT MISREPRESENTATION – WICHITA**

739.     Plaintiffs incorporate by reference paragraphs 1 through 212.

740.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lincoln, LLC; and GGNSC Lincoln, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 4007 East Lincoln Street, Wichita, Kansas.

741.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lincoln, LLC; and GGNSC Lincoln, LLC was false when it was made.

742.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Lincoln, LLC; and GGNSC Lincoln, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

743.   The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

744.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lincoln, LLC and GGNSC Lincoln, LLC, respectively.

745.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lincoln, LLC; and GGNSC Lincoln, LLC in an amount exceeding $ 75,000.

## COUNT 82
### NEGLIGENT MISREPRESENTATION – WICHITA

746.   Plaintiffs incorporate by reference paragraphs 1 through 212.

747.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lincoln, LLC; and GGNSC Lincoln, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 4007 East Lincoln Street, Wichita, Kansas.

748.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lincoln, LLC; and GGNSC Lincoln, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

749.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lincoln, LLC; and GGNSC Lincoln, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

750.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lincoln, LLC and GGNSC Lincoln, LLC, respectively.

751.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wichita Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lincoln, LLC; and GGNSC Lincoln, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 83
### FRAUDULENT MISREPRESENTATION – WILSON

752.    Plaintiffs incorporate by reference paragraphs 1 through 212.

753.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wilson, LLC; and GGNSC Wilson, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 611 31st Street, Wilson, Kansas.

754.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wilson, LLC; and GGNSC Wilson, LLC was false when it was made.

755.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wilson, LLC; and GGNSC Wilson, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

756.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

757.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Wilson, LLC and GGNSC Wilson, LLC, respectively.

758.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wilson, LLC; and GGNSC Wilson, LLC in an amount exceeding $ 75,000.

## COUNT 84
### NEGLIGENT MISREPRESENTATION – WILSON

759.    Plaintiffs incorporate by reference paragraphs 1 through 212.

760.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wilson, LLC; and GGNSC Wilson, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 611 31st Street, Wilson, Kansas.

761.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wilson, LLC; and GGNSC Wilson, LLC knew that the financial statements

would be used as guidance by others in determining whether to lease the facilities.

762. Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wilson, LLC; and GGNSC Wilson, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

763. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Wilson, LLC and GGNSC Wilson, LLC, respectively.

764. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Wilson Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Wilson, LLC; and GGNSC Wilson, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 85
### FRAUDULENT MISREPRESENTATION – ARLINGTON

765. Plaintiffs incorporate by reference paragraphs 1 through 212.

766. Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Arlington, LLC; and GGNSC Arlington, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 120 Care Center Road, Arlington, South Dakota.

767. The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Arlington, LLC; and GGNSC Arlington, LLC was

false when it was made.

768.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Arlington, LLC; and GGNSC Arlington, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

769.   The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

770.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Arlington, LLC and GGNSC Arlington, LLC, respectively.

771.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Arlington, LLC; and GGNSC Arlington, LLC in an amount exceeding $ 75,000.

### COUNT 86
### NEGLIGENT MISREPRESENTATION – ARLINGTON

772.   Plaintiffs incorporate by reference paragraphs 1 through 212.

773.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Arlington, LLC; and GGNSC Arlington, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 120 Care Center Road, Arlington, South Dakota.

774.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Arlington, LLC; and GGNSC Arlington, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

775.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Arlington, LLC; and GGNSC Arlington, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

776.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Arlington, LLC and GGNSC Arlington, LLC, respectively.

777.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Arlington Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Arlington, LLC; and GGNSC Arlington, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 87
### FRAUDULENT MISREPRESENTATION – ARMOUR

778.    Plaintiffs incorporate by reference paragraphs 1 through 212.

779.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Armour, LLC; and GGNSC Armour, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home

facility located at 106 Braddock Street, Armour, South Dakota.

780.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Armour, LLC; and GGNSC Armour, LLC was false when it was made.

781.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Armour, LLC; and GGNSC Armour, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

782.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

783.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Armour, LLC and GGNSC Armour, LLC, respectively.

784.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Armour, LLC; and GGNSC Armour, LLC in an amount exceeding $ 75,000.

### COUNT 88
### NEGLIGENT MISREPRESENTATION – ARMOUR

785.     Plaintiffs incorporate by reference paragraphs 1 through 212.

786.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Armour, LLC; and GGNSC Armour, LLC, through their agent Houlihan Lokey,

made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 106 Braddock Street, Armour, South Dakota.

787.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Armour, LLC; and GGNSC Armour, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

788.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Armour, LLC; and GGNSC Armour, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

789.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Armour, LLC and GGNSC Armour, LLC, respectively.

790.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Armour Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Armour, LLC; and GGNSC Armour, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 89
### FRAUDULENT MISREPRESENTATION – BELLA VISTA

791.    Plaintiffs incorporate by reference paragraphs 1 through 212.

792.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Bella Vista, LLC; and GGNSC Rapid City Bella Vista, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz,

Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 302 St. Cloud Avenue, Rapid City, South Dakota.

793.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Bella Vista, LLC; and GGNSC Rapid City Bella Vista, LLC was false when it was made.

794.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Bella Vista, LLC; and GGNSC Rapid City Bella Vista, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

795.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC would rely upon them in determining whether to lease the facilities.

796.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rapid City Bella Vista, LLC and GGNSC Rapid City Bella Vista, LLC, respectively.

797.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Bella Vista, LLC; and GGNSC Rapid City Bella Vista, LLC in an amount exceeding $ 75,000.

COUNT 90
NEGLIGENT MISREPRESENTATION – BELLA VISTA

798.    Plaintiffs incorporate by reference paragraphs 1 through 212.

799.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Bella Vista, LLC; and GGNSC Rapid City Bella Vista, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC regarding the recent financial history of the nursing home facility located at 302 St. Cloud Avenue, Rapid City, South Dakota.

800.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Bella Vista, LLC; and GGNSC Rapid City Bella Vista, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

801.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Bella Vista, LLC; and GGNSC Rapid City Bella Vista, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC in determining whether to lease the facilities.

802.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rapid City Bella Vista, LLC and GGNSC Rapid City Bella Vista, LLC, respectively.

803.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Bella Vista Care and Rehabilitation, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC

Administrative Services, LLC; GPH Rapid City Bella Vista, LLC; and GGNSC Rapid City Bella

Vista, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 91
## FRAUDULENT MISREPRESENTATION – BLACK HILLS

804.     Plaintiffs incorporate by reference paragraphs 1 through 212.

805.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services,

LLC; GPH Rapid City Black Hills, LLC; and GGNSC Rapid City Black Hills, LLC, through

their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz,

Rosie Schwartz, and Black Hills Care and Rehabilitation Center, LLC regarding the recent

financial history of the nursing home facility located at 1620 North 7th Street, Rapid City, South

Dakota.

806.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and

Black Hills Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva;

GGNSC Administrative Services, LLC; GPH Rapid City Black Hills, LLC; and GGNSC Rapid

City Black Hills, LLC was false when it was made.

807.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Rapid City Black Hills, LLC; and GGNSC Rapid City Black Hills, LLC

knew at that time that the financial statements were false and/or were made recklessly without

knowledge of its truth.

808.     The financial statements were prepared and distributed with the intention that

Plaintiffs Joseph Schwartz, Rosie Schwartz, and Black Hills Care and Rehabilitation Center,

LLC would rely upon them in determining whether to lease the facilities.

809.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Black Hills Care and

Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rapid City Black Hills, LLC and GGNSC Rapid City Black Hills, LLC, respectively.

810.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Black Hills Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Black Hills, LLC; and GGNSC Rapid City Black Hills, LLC in an amount exceeding $ 75,000.

### COUNT 92
### NEGLIGENT MISREPRESENTATION – BLACK HILLS

811.    Plaintiffs incorporate by reference paragraphs 1 through 212.

812.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Black Hills, LLC; and GGNSC Rapid City Black Hills, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Black Hills Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1620 North 7th Street, Rapid City, South Dakota.

813.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Black Hills, LLC; and GGNSC Rapid City Black Hills, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

814.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Black Hills, LLC; and GGNSC Rapid City Black Hills, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs

Joseph Schwartz, Rosie Schwartz, and Black Hills Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

815. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Black Hills Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rapid City Black Hills, LLC; and GGNSC Rapid City Black Hills, LLC, respectively.

816. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Black Hills Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Black Hills, LLC; and GGNSC Rapid City Black Hills, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

COUNT 93
FRAUDULENT MISREPRESENTATION – CLARK

817. Plaintiffs incorporate by reference paragraphs 1 through 212.

818. Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Clark, LLC; and GGNSC Clark, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 201 8th Street, NW, Clark, South Dakota.

819. The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Clark, LLC; and GGNSC Clark, LLC was false when it was made.

820. Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Clark, LLC; and GGNSC Clark, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

821.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

822.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Clark, LLC and GGNSC Clark, LLC, respectively.

823.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Clark, LLC; and GGNSC Clark, LLC in an amount exceeding $ 75,000.

## COUNT 94
### NEGLIGENT MISREPRESENTATION – CLARK

824.    Plaintiffs incorporate by reference paragraphs 1 through 212.

825.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Clark, LLC; and GGNSC Clark, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 201 8th Street, NW, Clark, South Dakota.

826.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Clark, LLC; and GGNSC Clark, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

827.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Clark, LLC; and GGNSC Clark, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

828.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Clark, LLC and GGNSC Clark, LLC, respectively.

829.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Clark Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Clark, LLC; and GGNSC Clark, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 95
### FRAUDULENT MISREPRESENTATION – COVINGTON

830.    Plaintiffs incorporate by reference paragraphs 1 through 212.

831.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sioux Falls, LLC; and GGNSC Sioux Falls, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 3900 South Cathy Avenue, Sioux Falls, South Dakota.

832.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sioux Falls, LLC; and GGNSC Sioux Falls, LLC was false when it was made.

833.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sioux Falls, LLC; and GGNSC Sioux Falls, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

834.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

835.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Sioux Falls, LLC and GGNSC Sioux Falls, LLC, respectively.

836.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sioux Falls, LLC; and GGNSC Sioux Falls, LLC in an amount exceeding $ 75,000.

### COUNT 96
### NEGLIGENT MISREPRESENTATION – COVINGTON

837.    Plaintiffs incorporate by reference paragraphs 1 through 212.

838.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sioux Falls, LLC; and GGNSC Sioux Falls, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 3900 South Cathy Avenue, Sioux Falls, South Dakota.

839.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative

Services, LLC; GPH Sioux Falls, LLC; and GGNSC Sioux Falls, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

840.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sioux Falls, LLC; and GGNSC Sioux Falls, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

841.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Sioux Falls, LLC and GGNSC Sioux Falls, LLC, respectively.

842.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Covington Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Sioux Falls, LLC; and GGNSC Sioux Falls, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 97
### FRAUDULENT MISREPRESENTATION – GROTON

843.    Plaintiffs incorporate by reference paragraphs 1 through 212.

844.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Groton, LLC; and GGNSC Groton, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1106 North 2nd Street, Groton, South Dakota.

845.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Groton, LLC; and GGNSC Groton, LLC was false when it was made.

846.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Groton, LLC; and GGNSC Groton, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

847.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

848.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Groton, LLC and GGNSC Groton, LLC, respectively.

849.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Groton, LLC; and GGNSC Groton, LLC in an amount exceeding $ 75,000.

### COUNT 98
### NEGLIGENT MISREPRESENTATION – GROTON

850.     Plaintiffs incorporate by reference paragraphs 1 through 212.

851.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Groton, LLC; and GGNSC Groton, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and

Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1106 North 2nd Street, Groton, South Dakota.

852.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Groton, LLC; and GGNSC Groton, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

853.   Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Groton, LLC; and GGNSC Groton, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

854.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Groton, LLC and GGNSC Groton, LLC, respectively.

855.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Groton Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Groton, LLC; and GGNSC Groton, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 99
### FRAUDULENT MISREPRESENTATION – IPSWICH

856.   Plaintiffs incorporate by reference paragraphs 1 through 212.

857.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Ipswich, LLC; and GGNSC Ipswich, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home

facility located at 617 Bloemendaal Drive, Ipswich, South Dakota.

858.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Ipswich, LLC; and GGNSC Ipswich, LLC was false when it was made.

859.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Ipswich, LLC; and GGNSC Ipswich, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

860.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

861.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Ipswich, LLC and GGNSC Ipswich, LLC, respectively.

862.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Ipswich, LLC; and GGNSC Ipswich, LLC in an amount exceeding $ 75,000.

## COUNT 100
### NEGLIGENT MISREPRESENTATION – IPSWICH

863.    Plaintiffs incorporate by reference paragraphs 1 through 212.

864.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Ipswich, LLC; and GGNSC Ipswich, LLC, through their agent Houlihan Lokey,

made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 617 Bloemendaal Drive, Ipswich, South Dakota.

865.   Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Ipswich, LLC; and GGNSC Ipswich, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

866.   Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Ipswich, LLC; and GGNSC Ipswich, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

867.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Ipswich, LLC and GGNSC Ipswich, LLC, respectively.

868.   Plaintiffs Joseph Schwartz, Rosie Schwartz, and Ipswich Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Ipswich, LLC; and GGNSC Ipswich, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 101
### FRAUDULENT MISREPRESENTATION –LAKE NORDEN

869.   Plaintiffs incorporate by reference paragraphs 1 through 212.

870.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lake Norden, LLC; and GGNSC Lake Norden, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and

Lake Norden Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 803 Park Street, Lake Norden, South Dakota.

871.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lake Norden Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lake Norden, LLC; and GGNSC Lake Norden, LLC was false when it was made.

872.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lake Norden, LLC; and GGNSC Lake Norden, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

873.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lake Norden Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

874.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lake Norden Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lake Norden, LLC and GGNSC Lake Norden, LLC, respectively.

875.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lake Norden Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lake Norden, LLC; and GGNSC Lake Norden, LLC in an amount exceeding $ 75,000.

### COUNT 102
### NEGLIGENT MISREPRESENTATION – LAKE NORDEN

876.     Plaintiffs incorporate by reference paragraphs 1 through 212.

877.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lake Norden, LLC; and GGNSC Lake Norden, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lake Norden Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 803 Park Street, Lake Norden, South Dakota.

878.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lake Norden, LLC; and GGNSC Lake Norden, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

879.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lake Norden, LLC; and GGNSC Lake Norden, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lake Norden Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

880.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lake Norden Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Lake Norden, LLC and GGNSC Lake Norden, LLC, respectively.

881.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Lake Norden Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Lake Norden, LLC; and GGNSC Lake Norden, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 103
### FRAUDULENT MISREPRESENTATION – MADISON

882.    Plaintiffs incorporate by reference paragraphs 1 through 212.

883.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Madison South Dakota, LLC; and GGNSC Madison South Dakota, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 718 NE 8th Street, Madison, South Dakota.

884.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Madison South Dakota, LLC; and GGNSC Madison South Dakota, LLC was false when it was made.

885.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Madison South Dakota, LLC; and GGNSC Madison South Dakota, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

886.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

887.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Madison South Dakota, LLC and GGNSC Madison South Dakota, LLC, respectively.

888.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Madison South Dakota, LLC; and GGNSC Madison South Dakota, LLC in an amount exceeding $ 75,000.

### COUNT 104
### NEGLIGENT MISREPRESENTATION – MADISON

889.     Plaintiffs incorporate by reference paragraphs 1 through 212.

890.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Madison South Dakota, LLC; and GGNSC Madison South Dakota, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 718 NE 8th Street, Madison, South Dakota.

891.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Madison South Dakota, LLC; and GGNSC Madison South Dakota, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

892.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Madison South Dakota, LLC; and GGNSC Madison South Dakota, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

893.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement

with Defendants GPH Madison South Dakota, LLC and GGNSC Madison South Dakota, LLC, respectively.

894.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Madison Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Madison South Dakota, LLC; and GGNSC Madison South Dakota, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 105
### FRAUDULENT MISREPRESENTATION – MEADOWBROOK

895.     Plaintiffs incorporate by reference paragraphs 1 through 212.

896.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Meadowbrook Manor, LLC; and GGNSC Rapid City Meadowbrook Manor, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 2500 Arrowhead Drive, Rapid City, South Dakota.

897.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Meadowbrook Manor, LLC; and GGNSC Rapid City Meadowbrook Manor, LLC was false when it was made.

898.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Meadowbrook Manor, LLC; and GGNSC Rapid City Meadowbrook Manor, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

899.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

900.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rapid City Meadowbrook Manor, LLC and GGNSC Rapid City Meadowbrook Manor, LLC, respectively.

901.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Meadowbrook Manor, LLC; and GGNSC Rapid City Meadowbrook Manor, LLC in an amount exceeding $ 75,000.

### COUNT 106
### NEGLIGENT MISREPRESENTATION – MEADOWBROOK

902.     Plaintiffs incorporate by reference paragraphs 1 through 212.

903.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Meadowbrook Manor, LLC; and GGNSC Rapid City Meadowbrook Manor, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 2500 Arrowhead Drive, Rapid City, South Dakota.

904.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Meadowbrook Manor, LLC; and GGNSC Rapid City

Meadowbrook Manor, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

905.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Meadowbrook Manor, LLC; and GGNSC Rapid City Meadowbrook Manor, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

906.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rapid City Meadowbrook Manor, LLC and GGNSC Rapid City Meadowbrook Manor, LLC, respectively.

907.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Meadowbrook Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City Meadowbrook Manor, LLC; and GGNSC Rapid City Meadowbrook Manor, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 107
### FRAUDULENT MISREPRESENTATION – MILBANK

908.    Plaintiffs incorporate by reference paragraphs 1 through 212.

909.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC regarding the recent financial history of the

nursing home facility located at 1103 South Second Street, Milbank, South Dakota.

910.　　The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC was false when it was made.

911.　　Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

912.　　The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

913.　　Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Milbank II, LLC and GGNSC Milbank II, LLC, respectively.

914.　　Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC in an amount exceeding $ 75,000.

## COUNT 108
### NEGLIGENT MISREPRESENTATION – MILBANK

915.　　Plaintiffs incorporate by reference paragraphs 1 through 212.

916.　　Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC, through their agent Houlihan

Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1103 South Second Street, Milbank, South Dakota.

917.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

918.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

919.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Milbank II, LLC and GGNSC Milbank II, LLC, respectively.

920.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Milbank Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 109
### FRAUDULENT MISREPRESENTATION – MOBRIDGE

921.    Plaintiffs incorporate by reference paragraphs 1 through 212.

922.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mobridge, LLC; and GGNSC Mobridge, LLC, through their agent Houlihan Lokey,

made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1100 4th Avenue East, Mobridge, South Dakota.

923.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mobridge, LLC; and GGNSC Mobridge, LLC was false when it was made.

924.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mobridge, LLC; and GGNSC Mobridge, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

925.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

926.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Mobridge, LLC and GGNSC Mobridge, LLC, respectively.

927.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mobridge, LLC; and GGNSC Mobridge, LLC in an amount exceeding $ 75,000.

**COUNT 110**
**NEGLIGENT MISREPRESENTATION – MOBRIDGE**

928.    Plaintiffs incorporate by reference paragraphs 1 through 212.

929.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mobridge, LLC; and GGNSC Mobridge, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1100 4th Avenue East, Mobridge, South Dakota.

930.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mobridge, LLC; and GGNSC Mobridge, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

931.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mobridge, LLC; and GGNSC Mobridge, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

932.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Mobridge, LLC and GGNSC Mobridge, LLC, respectively.

933.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Mobridge Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Mobridge, LLC; and GGNSC Mobridge, LLC's

- 193 -

misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 111**
**FRAUDULENT MISREPRESENTATION –PARK PLACE**

934.     Plaintiffs incorporate by reference paragraphs 1 through 212.

935.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1105 South Second Street, Milbank, South Dakota.

936.     The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC was false when it was made.

937.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

938.     The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

939.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Milbank II, LLC and GGNSC Milbank II, LLC, respectively.

940.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC in an amount exceeding $ 75,000.

## COUNT 112
## NEGLIGENT MISREPRESENTATION – PARK PLACE

941.     Plaintiffs incorporate by reference paragraphs 1 through 212.

942.     Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC _, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1105 South Second Street, Milbank, South Dakota.

943.     Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

944.     Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

945.     Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Milbank II, LLC and GGNSC Milbank II, LLC,

respectively.

946.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Park Place Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Milbank II, LLC; and GGNSC Milbank II, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

**COUNT 113**
**FRAUDULENT MISREPRESENTATION – PIERRE**

947.    Plaintiffs incorporate by reference paragraphs 1 through 212.

948.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pierre, LLC; and GGNSC Pierre, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 950 East Park Street, Pierre, South Dakota.

949.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pierre, LLC; and GGNSC Pierre, LLC was false when it was made.

950.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pierre, LLC; and GGNSC Pierre, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

951.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

952.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Pierre, LLC and GGNSC Pierre, LLC, respectively.

953.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pierre, LLC; and GGNSC Pierre, LLC in an amount exceeding $ 75,000.

## COUNT 114
### NEGLIGENT MISREPRESENTATION – PIERRE

954.    Plaintiffs incorporate by reference paragraphs 1 through 212.

955.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pierre, LLC; and GGNSC Pierre, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 950 East Park Street, Pierre, South Dakota.

956.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pierre, LLC; and GGNSC Pierre, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

957.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pierre, LLC; and GGNSC Pierre, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

958.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation

Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Pierre, LLC and GGNSC Pierre, LLC, respectively.

959.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Pierre Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Pierre, LLC; and GGNSC Pierre, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

### COUNT 115
### FRAUDULENT MISREPRESENTATION – PRAIRIE HILLS

960.    Plaintiffs incorporate by reference paragraphs 1 through 212.

961.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City II, LLC; and GGNSC Rapid City II, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 916 Mountain View Road, Rapid City, South Dakota.

962.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City II, LLC; and GGNSC Rapid City II, LLC was false when it was made.

963.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City II, LLC; and GGNSC Rapid City II, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

964.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center,

LLC would rely upon them in determining whether to lease the facilities.

965. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rapid City II, LLC and GGNSC Rapid City II, LLC, respectively.

966. Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City II, LLC; and GGNSC Rapid City II, LLC in an amount exceeding $ 75,000.

**COUNT 116**
**NEGLIGENT MISREPRESENTATION – PRAIRIE HILLS**

967. Plaintiffs incorporate by reference paragraphs 1 through 212.

968. Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City II, LLC; and GGNSC Rapid City II, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 916 Mountain View Road, Rapid City, South Dakota.

969. Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City II, LLC; and GGNSC Rapid City II, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

970. Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City II, LLC; and GGNSC Rapid City II, LLC knew that the

misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

971.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Rapid City II, LLC and GGNSC Rapid City II, LLC, respectively.

972.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Prairie Hills Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Rapid City II, LLC; and GGNSC Rapid City II, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 117
### FRAUDULENT MISREPRESENTATION – REDFIELD

973.    Plaintiffs incorporate by reference paragraphs 1 through 212.

974.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Redfield, LLC; and GGNSC Redfield, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 1015 Third Street East, Redfield, South Dakota.

975.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LL by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Redfield, LLC; and GGNSC Redfield, LLC was false when it was made.

976.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Redfield, LLC; and GGNSC Redfield, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

977.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LL would rely upon them in determining whether to lease the facilities.

978.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LL justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Redfield, LLC and GGNSC Redfield, LLC, respectively.

979.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LL were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Redfield, LLC; and GGNSC Redfield, LLC in an amount exceeding $ 75,000.

### COUNT 118
### NEGLIGENT MISREPRESENTATION – REDFIELD

980.    Plaintiffs incorporate by reference paragraphs 1 through 212.

981.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Redfield, LLC; and GGNSC Redfield, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LL regarding the recent financial history of the nursing home facility located at 1015 Third Street East, Redfield, South Dakota.

982.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Redfield, LLC; and GGNSC Redfield, LLC knew that the financial

statements would be used as guidance by others in determining whether to lease the facilities.

983.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Redfield, LLC; and GGNSC Redfield, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LL in determining whether to lease the facilities.

984.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LL justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Redfield, LLC and GGNSC Redfield, LLC, respectively.

985.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Redfield Care and Rehabilitation Center, LL were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Redfield, LLC; and GGNSC Redfield, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

## COUNT 119
### FRAUDULENT MISREPRESENTATION – SALEM

986.    Plaintiffs incorporate by reference paragraphs 1 through 212.

987.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Salem, LLC; and GGNSC Salem, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 500 Colonial Drive, Salem, South Dakota.

988.    The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva;

GGNSC Administrative Services, LLC; GPH Salem, LLC and GGNSC Salem, LLC was false when it was made.

989.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Salem, LLC; and GGNSC Salem, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

990.    The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

991.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Salem, LLC and GGNSC Salem, LLC, respectively.

992.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Salem, LLC; and GGNSC Salem, LLC in an amount exceeding $ 75,000.

### COUNT 120
### NEGLIGENT MISREPRESENTATION – SALEM

993.    Plaintiffs incorporate by reference paragraphs 1 through 212.

994.    Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Salem, LLC; and GGNSC Salem, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 500 Colonial Drive, Salem, South Dakota.

995.    Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Salem, LLC; and GGNSC Salem, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

996.    Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Salem, LLC; and GGNSC Salem, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

997.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Salem, LLC and GGNSC Salem, LLC, respectively.

998.    Plaintiffs Joseph Schwartz, Rosie Schwartz, and Salem Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Salem, LLC; and GGNSC Salem, LLC's misrepresentations of material facts in an amount exceeding $ 75,000.

COUNT 121
FRAUDULENT MISREPRESENTATION – WATERTOWN

999.    Plaintiffs incorporate by reference paragraphs 1 through 212.

1000.   Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Watertown Acquisition, LLC; and GGNSC Watertown Operating, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 415 4th Avenue NE, Watertown, South Dakota.

1001.  The financial history provided to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC by Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Watertown Acquisition, LLC; and GGNSC Watertown Operating, LLC was false when it was made.

1002.  Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Watertown Acquisition, LLC; and GGNSC Watertown Operating, LLC knew at that time that the financial statements were false and/or were made recklessly without knowledge of its truth.

1003.  The financial statements were prepared and distributed with the intention that Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC would rely upon them in determining whether to lease the facilities.

1004.  Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Watertown Acquisition, LLC and GGNSC Watertown Operating, LLC, respectively.

1005.  Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC were damaged by the fraudulent misrepresentations of Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Watertown Acquisition, LLC; and GGNSC Watertown Operating, LLC in an amount exceeding $ 75,000.

### COUNT 122
### NEGLIGENT MISREPRESENTATION – WATERTOWN

1006.  Plaintiffs incorporate by reference paragraphs 1 through 212.

1007.  Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services,

LLC; GPH Watertown Acquisition, LLC; and GGNSC Watertown Operating, LLC, through their agent Houlihan Lokey, made representations, in writing, to Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC regarding the recent financial history of the nursing home facility located at 415 4th Avenue NE, Watertown, South Dakota.

1008.  Further, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Watertown Acquisition, LLC; and GGNSC Watertown Operating, LLC knew that the financial statements would be used as guidance by others in determining whether to lease the facilities.

1009.  Specifically, Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Watertown Acquisition, LLC; and GGNSC Watertown Operating, LLC knew that the misrepresentations in the financial statements would be relied upon by Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC in determining whether to lease the facilities.

1010.  Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC justifiably relied upon the financials and entered into an OTA and lease agreement with Defendants GPH Watertown Acquisition, LLC and GGNSC Watertown Operating, LLC, respectively.

1011.  Plaintiffs Joseph Schwartz, Rosie Schwartz, and Watertown Care and Rehabilitation Center, LLC were damaged by the Defendants Nicholas Finn; Ronald E. Silva; GGNSC Administrative Services, LLC; GPH Watertown Acquisition, LLC; and GGNSC Watertown Operating, LLC's misrepresentations of material facts in an amount exceeding

$75,000.

WHEREFORE, Plaintiffs respectfully request that this Court:

      i.      Enter judgment on Plaintiffs' behalf on each of the counts in Plaintiffs' Complaint;

     ii.     Award Plaintiffs punitive damages;

    iii.     Award Plaintiffs their costs and attorney fees; and

    iv.     Grant Plaintiffs such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby request trial by jury.

Respectfully submitted,

*/s/ Robert J. Fedor*
**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
*Pro Hac Vice Application Forthcoming*
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
(440) 250-9709
Fax: (440) 250-9714
rjfedor@fedortax.com
*Attorney for Plaintiffs*